## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

HAKIM HANDY,

Defendants.

No. 4:17-CR-00310

(Judge Brann)

## MEMORANDUM OPINION

### JUNE 7, 2018

## I.     BACKGROUND

On October 12, 2017, Hakim Handy, ("Mr. Handy"), was indicted by the
grand jury on charges of (1) Conspiracy to Distribute cocaine base and heroin in
violation of 21 U.S.C. § 846, (2) Knowing and Intentional Distribution of Heroin,
in violation of 18 U.S.C. § 841(a)(1), (3) Knowing and Intentional Distribution of
Heroin, in violation of 18 U.S.C. § 841(a)(1), (4) Possession with Intent to
Distribute heroin and 28 grams and more of cocaine base, in violation of 18 U.S.C.
§ 841(a)(1), and (5) Possession of Ammunition by a Convicted Felon, in violation
of 18 U.S.C. § 922(g)(1).[1]  A jury trial is scheduled for June 11, 2018.[2]

---

[1]    ECF No. 1.

[2]    ECF No. 28. The Government has since filed a Superseding Indictment which named the
same charges and pertinent time period.  *See* ECF No. 42.

On May 2, 2018, Mr. Handy, through counsel, filed a Motion to Sever Counts of the Indictment.[3] In this motion, Mr. Handy requests that the Court order the severance of Count V as improperly joined under Federal Rule of Criminal Procedure 8, or in the alternative, exercise discretionary severance under Federal Rule of Criminal Procedure 14.[4] The Government filed a brief in Opposition on May 23, 2018.[5] In that brief, it requests that Court deny this motion, and argues that severance and/or bifurcation of count V is inappropriate given that evidence of Mr. Handy's prior felony drug conviction—necessary toward proving Count V—is nevertheless admissible toward proving Counts I through IV.[6]

On May 11, 2018, the Government filed a Notice Pursuant to 404(b) of its intent to introduce (1) evidence of the defendant's prior drug-distribution conviction as evidence of identity, an essential element of its case; (2) evidence that the defendant absconded from parole supervision following the issuance of an arrest warrant and was convicted of false identification to law enforcement upon arrest as evidence of consciousness of guilt; and (3) contacts between Mr. Handy and Tamirra Smith, a co-conspirator, as evidence of the length of their

---

[3]   ECF No. 33.

[4]   *Id.*

[5]   ECF No. 41.

[6]   *Id.*

relationship.[7]  Mr. Handy filed a response to this Notice on June 6, 2018 contesting the admissibility of this 404(b) evidence.[8]   Because the propriety of bifurcation for Count V is necessarily implicated by the admissibility of this 404(b) evidence toward proving Counts I-IV, I have considered this information in making the instant determination.

## II.    ANALYSIS

### A.    Whether Joinder of Offenses was Proper under Federal Rule of Criminal Procedure 8(a)

Federal Rule of Criminal Procedure 8 reflects a liberal joinder policy which allows the government to advance multiple charges against multiple defendants in a single indictment.[9]  Rule 8(a), regarding joinder of offenses, provides that a defendant may be charged in separate counts with more than one offense if the offenses charged "are of the same or similar character, or a based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[10]  In other words, it requires a "transactional nexus" between the joined offenses.[11]

---

[7]    ECF No. 37.

[8]    *Id.*

[9]    *United States v. Avila*, 610 F.Supp.2d 391, 394 (M.D.Pa. 2009)(Conner, J.).

[10]   Fed. R. Crim. P. 8(a).

[11]   *United States v. Stevens,* 188 F.Supp.3d 421, 423 (M.D.Pa. 2016).

When a defendant moves to sever counts of a single indictment as improperly joined under Rule 8(a), the movant bears the burden of establishing this impropriety.[12]  In deciding whether charges have been improperly joined, the United States Court of Appeals for the Third Circuit has instructed that courts consider the indictment primarily and may look beyond the indictment only in limited circumstances to clarify the connection between the counts.[13]  In his motion, Mr. Handy argues that joinder of Count V, or possession of ammunition by a prohibited person, with Counts I though IV, or controlled substance-related offenses, is improper under Rule 8.  This argument, however, has been squarely addressed and foreclosed by our Court of Appeals.

In *United States v. Gorecki,* the Third Circuit observed that several "[o]ther circuits have upheld the joinder of weapons and narcotics charges under Fed. R. Crim. P. 8(a)," and held that since the firearm and narcotics-related evidence in that case were found in the same location, at the same time, and as a result of the same legal search, the issue of defendant's possession of both items was interrelated and joinder was appropriate.[14]  The *Gorecki* Court cautioned, however, that:

---

[12]  *Avila*, 610 F.Supp.2d at 394.

[13]  *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992).

[14]  813 F.2d 40, 41 (3d Cir. 1987).

> We do not hold that narcotics-related and weapon-related charges may be joined in all cases. There may be circumstances in which they are not sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan.[15]

Courts within this Circuit present with motions to sever weapons and drug charges have since endeavored to faithfully apply this distinction.[16]

Here, pursuant to the guidance offered in *Gorecki*, I find that Count V, or possession of ammunition by a prohibited person, is properly joined under Rule 8(a) with the controlled substance related offenses lodged against Mr. Handy. Based on my review of the Superseding Indictment, I find that a temporal and logical connection exists between these charges sufficient to find them "part of the same transaction or plan."[17] The Superseding Indictment contains four controlled substance-related charges: (1) Count I alleges conspiracy to distribute a controlled substance on December 15, 2014; (2) Count II alleges intentional distribution of a controlled substance on January 9, 2015, (3) Count III alleges intentional distribution of a controlled substance on January 15, 2015, and (4) Count IV alleges possession with intent to distribute a controlled substance on January 16,

---

[15] *Id.*

[16] *See, e.g., United States v. Espinosa*, No. 07-CR-482, 2009 WL 197553, at *5–6 (E.D.Pa. Jan. 27, 2009); *United States v. Harris*, No. 07-CR-355, 2008 WL 3545827, at *13 (W.D.Pa. Aug. 12, 2008); *United States v. Brown*, No. 07-CR-296, 2008 WL 161146, at *4–5 (E.D.Pa. Jan. 16, 2008); *United States v. Plummer*, No. 05-CR-336, 2007 WL 2973712, at *5–6 (W.D.Pa. Oct. 10, 2007).

[17] *Gorecki*, 813 F.2d at 41.

2015.[18]  Count V, alleging possession of ammunition by prohibited person on January 16, 2015—based on conduct occurring on the same date as that forming the basis for Counts IV and III, is therefore temporally related.[19]  Moreover, the Government alleges within the Superseding Indictment that the evidence underlying Counts I through IV, or the controlled substance-related offenses, and Count V, or the ammunition-related offense, was recovered from the same location as a result of the same search and investigation.[20]  Therefore, based on this temporal and logical connectivity among the counts of the Superseding Indictment, I find that, pursuant to the directives of *Gorecki*, their joinder is proper under Rule 8(a) and will promote judicial economy and avoid duplicative trials.[21]

### B.       Whether Count V of the Indictment Should be Severed under Federal Rule of Criminal Procedure 14

Properly joined charges may nevertheless be severed pursuant to Rule 14 if the joinder "appears to prejudice a defendant or the government."[22]  Whether to

---

[18]   ECF No. 1.

[19]   *See United States v. Espinosa*, No. 07-CR-482, 2009 WL 197553, at *5 (E.D.Pa. Jan. 27, 2009)(Baylson, J.).

[20]   *See* ECF No. 1 at 2-3. *See also* ECF No. 41, at 10.

[21]   *See, e.g., United States v. Woodley*, No. 13-CR-113, 2013 WL 5136173, at *13 (W.D.Pa. Sept. 1, 2015)(finding that a narcotics and firearm charge were properly joined where "[a]ll counts of the superseding indictment relate to a common scheme involving defendant's alleged heroin trafficking in the Western District of Pennsylvania.").

[22]   Fed. R. Crim. P. 14(a).

sever is a determination within the sound discretion of the trial judge.[23]  In making

this determination, the trial judge must consider what trial developments are

foreseeable at the time the motion to sever is made.[24]  Rule 14, however, "does not

require severance even if prejudice is shown; rather, it leaves the tailoring of the

relief to be granted, if any, to the district court's sound discretion."[25]  Therefore,

even if a judge is found to have abused his or her discretion in denying a motion to

sever, a conviction will not be overturned unless the appellant meets the "heavy

burden" of demonstrating "clear and substantial prejudice resulting in a manifestly

unfair trial."[26]

　　　　Mr. Handy argues that discretionary severance is warranted here because

jury consideration of Count V would necessarily deprive him of a fair trial.  Mr.

Handy expressly avers that, because the offense of possession of ammunition by a

prohibited person requires the Government to provide evidence of his prior felony

convictions, he has shown substantial prejudice resulting from joinder of this

offense.  The Third Circuit has in fact recognized that a defendant charged with

possessing a firearm and/or ammunition as a felon may be prejudiced at trial as to

the other counts when the nature and facts of his prior convictions are introduced

---

[23]  *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981).

[24]  *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991).

[25]  *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

[26]  *Id.* at 568.

into evidence.[27]  Indeed, in *United States v. Busic*, the Third Circuit cautioned that "[i]f it is determined that the convictions would not be admissible on the other counts—that were these counts to be tried alone the jury would not hear this evidence—then severance should be granted."[28]  That court, however, noted the possibility of bifurcation as a less drastic remedy to this problem than severance.[29]

The Third Circuit held in *United States v. Joshua* that, under similar circumstances presented, the district court's decision to bifurcate was well within its discretion.[30]  The *Joshua* Court noted that, through bifurcation, the district court below was able to avoid any potential prejudice the defendant might face through the jury learning of his previous convictions while hearing evidence on other counts.[31]  Courts within this Circuit have since followed *Busic* and opted to bifurcate when evidence of prior convictions is not admissible as to the other counts.[32]

---

[27]  *United States v. Busic*, 587 F.2d 577, 585 (3d Cir. 1978).

[28]  *Id.*

[29]  *Id.*

[30]  976 F.2d 844 (3d Cir. 1994)(abrogated on other grounds by *Stinson v. United States,* 508 U.S. 36 (1993)).

[31]  *Id.*

[32]  *See United States v. Brown*, No. 12-CR-243, 2013 WL 1308291, at *3–4 (M.D.Pa. Mar. 28, 2013); *United States v. Scott*, 673 F.Supp.2d 331, 340–41 (M.D.Pa. 2009); *United States v. Coles,* No. 05-CR-440, 2007 WL 2978346 (E.D.Pa. Oct. 5, 2007); *but see United States v. Stanton*, No. 11-CR-57, 2013 WL 529930, at *7–8 (W.D.Pa. Feb. 11, 2013); *United States v. Lashley*, No. 09-CR-307, 2011 WL 5237291, at *11-12 (E.D.Pa. Nov. 3, 2011); *United States v. Harris*, No. 07–CR–355, 2008 WL 3545827, at *13 (W.D.Pa. Aug. 12, 2008); *United States v. Flood*, No. 04-CR-36, 2007 WL 1314627, at *2 (W.D.Pa. May 4, 2007).

In this case, the Government argues that bifurcation of Count V is inappropriate because the evidence of Mr. Handy's prior conviction would nevertheless be admissible on the controlled substance-related counts as evidence relevant toward proving his identity. Federal Rule of Evidence 404(a) stipulates that "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[33] Section (b) of that Rule provides that such evidence may however be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident."[34] The Third Circuit follows a four-part test to determine the admissibility of evidence under Rule 404(b): "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted."[35]

Here, the Government argues that Mr. Handy's 2004 drug conviction will be offered as proof of identity—a non-propensity purpose under Rule 404(b).[36]

---

[33]  Fed. R. Evid. 404(a).

[34]  Fed. R. Evid. 404(b). Upon request by the defendant, the government must, however, provide reasonable notice in advance of trial, or during trial for good cause, of the general nature of any such evidence. *Id.*

[35]  *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006)(quoting *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003)).

[36]  ECF No. 37, at 13–14.

Specifically, the Government anticipates that (1) the defense will, through cross examination, imply mistake as to two witnesses' identification of Mr. Handy as supplying heroin and breaking down bulk cocaine base on January 9, 2015 and January 15, 2015, and (2) the defense will also present alibi witnesses as part of his defense.[37] This prior conviction is therefore relevant to prove a key issue in this case—identity—by establishing that Hakim Handy had the specific knowledge a person would need to use the tools recovered . . . to break down the bulk narcotics into sale for individual distribution."[38] Pursuant to the four step test recognized by the Third Circuit, I will therefore determine whether Mr. Handy's prior conviction, being offered as evidence of identity, is relevant toward that end for a non-propensity purpose without offending the balancing test of Federal Rule of Evidence 403.

First, I must consider whether this evidence is being offered for a proper purpose and is relevant toward proving that purpose. To determine whether a non-propensity purpose has been adduced, I must consider whether the Government has proffered a logical chain of inference consistent with its theory of the case.[39] After the Government has made this showing, the Court "'must articulate reasons why the evidence goes to show something other than character by putting this chain of

---

[37] *Id.*

[38] ECF No. 37, at 14–15.

[39] *Daraio*, 445 F.3d at 263 (citing *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992)).

inferences into the record.' "[40]  As noted, the Government argues that the 2004

drug conviction is relevant to prove Mr. Handy's identity.  Specifically, given his

anticipated alibi witnesses and the anticipated cross examination directed toward

their own witnesses, the Government attests that this knowledge of how to break

down narcotics into sale for individual distribution tends to make more likely his

identity in the crimes alleged.[41]  While tenuous at best, I find that identity is a

proper purpose and this proffer of evidence passes the "less focused admissibility

threshold" of Federal Rule of Evidence 401.[42]

The questionable probative value of Mr. Handy's 2004 drug conviction

toward proving identity is, however, damning at the next stage of the Rule 404(b)

analysis given the substantial prejudice which inheres in its admission.  Federal

Rule of Evidence 403 provides that evidence otherwise admissible under Rule 401

may nevertheless be excluded "if its probative value is substantially outweighed by

a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence."  In seeking the admissibility of this prior conviction, the

Government argues that Mr. Handy's conduct in 2004 is highly probative to their

theory of this case.  Indeed, because both bulk cocaine base and individually

---

[40]  *Id.*

[41]  ECF No. 37, at 15.

[42]  *Givan*, 320 F.3d at 461.

packaged cocaine were recovered, the Government avers that Mr. Handy's ability to break down bulk cocaine and knowledge of the tools necessary for that process, as proven by his 2004 drug conviction, is independent evidence of his identity as a participant in the alleged 2015 drug operation.

This "identity through knowledge" argument is not however nearly as probative as advanced by the Government. While probative toward and tending to corroborate the anticipated testimony of a co-defendant implicating Mr. Handy in this drug operation, the knowledge alleged to be shown by this conviction is not peculiar to Mr. Handy's identity, nor uncommon to all those convicted of a drug offense. While prior crimes may be admissible to show identity, these crimes must be "of sufficient distinctive similarity' with the charges in the Superseding Indictment such as to "create a pattern or modus operandi."[43] Such similarity is not present here, and the Court is hesitant to impute such a finding to common activities inherent in drug crimes.[44] Finding the probative value of this prior conviction is limited, I conclude that this value is substantially outweighed by the

---

[43] *See United States v. Ranalli*, No. 12-CR-310, 2015 WL 539729, at *7 n. 9 (M.D.Pa. Feb. 10, 2015)(quoting *United States v. Allen*, 619 F.3d 518, 524 (6th Cir. 2010)).

[44] *United States v. Williams*, 458 F.3d 312, 318 (3d Cir. 2006)(finding that, although a prior conviction need not rise to [the] level of a signature crime, it is nevertheless inadmissible where the underlying conduct is "simply too generic to prove identity"); *Ranalli*, 2015 WL 539729, at *7 n. 9 ("Here, Defendant's prior convictions were also for drug distribution, but the Court is without sufficient information to conclude that the specific details of the crimes are similar such that a jury to rationally find that the prior convictions are highly probative on the issue of identity.").

danger of unfair prejudice to Mr. Handy.[45]  Therefore, given the inadmissibility of these prior convictions, I will, pursuant to the dictates of *Busic* and *Joshua,* bifurcate the determination of Count V, possession of ammunition by a prohibited person.

## III.    CONCLUSION

In light of the above reasoning, Defendant Hakim Handy's Motion to Sever Count V of the Indictment is granted in part and denied in part.  Said Motion is denied with respect to the extent it seeks severance from improper joinder under Federal Rule of Criminal Procedure 8 or discretionary severance under Federal Rule of Criminal Procedure 14.  The Motion is granted to the extent that Count V, or possession of ammunition by a prohibited person, will be bifurcated for trial.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[45]   I note that, in its Rule 404(b) Notice, the Government also indicates that it wishes to present as evidence (1) that the defendant absconded from parole supervision following the issuance of an arrest warrant and was convicted of false identification to law enforcement upon arrest as evidence of consciousness of guilt and (2) contacts between Hakim Handy and Tamirra Smith, a co-conspirator, as evidence of the length of their relationship. *See* ECF No. 37. Defendant objects. ECF No. 41.  This evidence is admissible as relevant pursuant to Federal Rules of Evidence 401 and 403. Indeed, I find that evidence concerning both Mr. Handy's absconder status and his prior relationship with Tamirra Smith can be presented sans explicit evidence of his prior conviction, and with a limiting instruction.