IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:17CR00310-001 |
| v. | : | |
| | : | (Judge Brann) |
| HAKIM HANDY, | : | |
| Defendant | : | ELECTRONICALLY FILED |

SENTENCING MEMORANDUM

Defendant, Hakim Handy, by and through his counsel, Kyle W. Rude, Esquire, files the within Sentencing Memorandum addressing the advisory sentencing guidelines and the factors set forth in 18 U.S.C.§ 3553(a):

A.   Procedural Background

On June 11, 2018, Defendant, Hakim Handy ("Mr. Handy"), entered a plea of guilty to Count One, Conspiracy to Distribute 28 grams or more of Crack Cocaine and Heroin, in violation of 21 U.S.C. §846. Said plea was entered pursuant to a plea agreement where the Government will recommend a three-level reduction for acceptance of responsibility. The advisory guideline range as determined by probation is 292 – 365 months based upon a criminal history category of VI and a total offense level of 35. At the pre-sentence conference, Government Counsel acknowledged that the third level for acceptance should apply and the total offense

level should be 34. The resulting advisory guideline range should be 262 – 327. By Order dated October 3, 2018, sentencing has been scheduled for October 16, 2018, at 3 p.m., and the deadline for final submissions was set for October 12, 2018.

      B.     Factual Background

Mr. Handy, now thirty-five (35) years of age, was born and raised into an atmosphere of drugs and crime in Philadelphia, Pennsylvania. His three brothers are all incarcerated in the Pennsylvania State Prison system for drug-related offenses and murder. Armed only with a ninth-grade education, Mr. Handy began using/dealing drugs and breaking the law in his teen years. When first asked by Undersigned Counsel about his childhood, his response was "a normal life." This response speaks volumes about his childhood as he believes drugs, crime and incarceration were part of a normal environment for a child.

Mr. Handy is a husband and father of one child with whom he had substantial contact prior to his incarceration. He has maintained a positive relationship with his wife and child but distance and his incarceration have strained this connection.

Mr. Handy's prior adult criminal record consists mainly of drugs and drug-related offenses. As a result, Mr. Handy has eighteen (18) criminal history points for his prior record and two (2) additional points for committing the instant offense while under supervision which places him in criminal history category VI.

At the time of sentencing, Mr. Handy will have served approximately thirty (30) months of incarceration since his arrest on July 18, 2016

    C.     Section 3553 (a) Factors

    1.    <u>Nature and Circumstances of the Offense/History of the Defendant</u>

Title 18 U.S.C. §3553 instructs the Court to examine several factors in fashioning a sentence that is both appropriate to the defendant and to the offense committed. 18 U.S.C. §3553(a)(1) lists the first factor for the Court to consider, "the nature and circumstances of the offense and the history and characteristics of the Defendant". 18 U.S.C. §3553(a)(1).

The nature and circumstances of the offense are that Hakim Handy sold heroin with Tamira Smith with whom he had been involved romantically. Ms. Smith had also been selling heroin with her brother Morris Smith from her residence. Mr. Handy acknowledged and accepted responsibility his actions. This matter had been prosecuted in Lycoming County Court prior to the instant Indictment.  Ms. Smith entered a guilty plea and was sentenced to 327 days time-served to two years in Lycoming County Court. Morris Smith was not prosecuted for his involvement in county or federal court.

    2.    <u>Characteristics of the Defendant and deterrence of future criminal conduct</u>

18 U.S.C. §3553(a)(1) instructs the Court to factor in the characteristics of

the defendant when fashioning a sentencing. The characteristics of Hakim Handy are best defined by examining his formative years. As mentioned above, Mr. Handy was raised in a neighborhood in Philadelphia, Pennsylvania with his brothers where one either turned to a life of drugs or violent crime. He and his brothers were raised by a single mother. He received no support from a father. He quit school after ninth grade and turned to drugs as a way of life. In short, Mr. Handy was living the life that he knew and learned from his brothers growing up in Philadelphia. He knew his actions were wrong and against society's norms but not against the norms of the society that he knew.

The past thirty (30) months of incarceration have allowed Mr. Handy to re-evaluate what is considered normal in society. He now sees that his actions not only violated the law but hurt a society in which his daughter will have to grow and live. This time away from his daughter has been a great deterrence to Hakim Handy from returning to a life of drugs and violence. Further Mr. Handy acknowledges that a sentence requiring several more years will continue to serve as a deterrent to him and hopefully his child from following in his footsteps.

3. <u>Type of sentencing and sentencing range</u>

18 U.S.C. §3553(a)(4) asks the Court to examine the kind of sentence and sentencing range most appropriate for the specific defendant standing before the Court. As argued above, Mr. Handy's advisory guideline range sentence is

extremely high because of his prior record. Mr. Handy has already served approximately thirty (30) months incarceration for this offense. He understands that further incarceration is not only appropriate in his case but warranted by the facts, the guidelines and comparisons to others similarly situated. Mr. Handy is requesting a sentence though that reflects the true nature of his offense, his actions and the life he was raised to follow. Further, Mr. Handy is requesting a sentence and recommendations from the Court which will allow him to address his issues with narcotics, allow him to obtain his GED and other educational opportunities, in a location closely situated to his family in the Philadelphia, Southern New Jersey area.

     Mr. Handy has the opportunity to help break the cycle of drugs and violence that is pervasive in his hometown. He can make sure his child remains out of the criminal justice system, away from drugs and violence. He is requesting this Honorable Court to allow him to realize this opportunity before his child becomes an adult.

     4.    <u>Unwarranted Sentencing Disparities</u>

18 U.S.C. §3553(a)(6) asks the Court to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Defendant requests this Honorable Court to consider two people who were intricately involved in this prosecution who escaped

serious penalties. Tamirra Smith received a time-served sentence in Lycoming County. Morris Smith, who has a prior criminal history similar to Mr. Handy, was never prosecuted in state or federal court even though Tamirra Smith implicated him in possessing and delivering heroin from her residence. Although these comparisons are not exactly what the guidelines contemplated under this subsection, Mr. Handy suggests these co-conspirators should be considered in a fair and just calculation of his sentence.

    D.    Conclusion

The final factor this Court must consider in fashioning a sentence most appropriate for Hakim Handy under 18 U.S.C. §3553 and the sentencing guidelines is not a specific factor, but rather the purpose of all these factors and guidelines taken together. This Court is tasked with determining a length of incarceration which is sufficient but not greater than necessary to achieve the goals of sentencing. Mr. Handy's criminal history, his family dynamics along with the actual facts of his crime when viewed together demonstrate that a period of continued incarceration below the advisory guideline range is necessary. As the above facts indicate, Mr. Handy became involved in a very serious crime and endangered the community by supplying heroin because that was the life he knew from his childhood. The downward spiral of his life was inevitable in light of his failed upbringing. The goals of sentencing – punishment, deterrence and rehabilitation – are possible with

a prison sentence below the sentencing guideline range. Mr. Handy believes he can be rehabilitated sufficiently to educate his child about the dangers of drugs. He is requesting this Honorable Court to allow him an opportunity to positively affect the future of his child in a manner that his life never was.

    Respectfully submitted:

    SCHEMERY ZICOLELLO, P.C.

    s/ Kyle W. Rude
    Kyle W. Rude
    I.D. No. 69015
    333 Market Street
    Williamsport, PA 17701
    Telephone: 570-321-7554
    Facsimile: 570-321-7854
    Email: kyle@sz-law.com

CERTIFICATE OF SERVICE

I, Kyle W. Rude, hereby certify that a true and correct copy of the within sentence brief has been served on Government Counsel via electronic mail.

<u>s/Kyle W. Rude</u>
Kyle W. Rude, Esquire