IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 4:17-CR-00310 |
| | ) | |
| v. | ) | |
| | ) | (BRANN, J.) |
| HAKIM HANDY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States Attorney for the Middle District of Pennsylvania, David J. Freed, and by Alisan VanFleet, Assistant United States Attorney, files this memorandum in support of Federal Probation's determination that the defendant, Hakim Handy, should be classified as a career offender and sentenced accordingly.

## I.   PROCEDURAL HISTORY

On October 12, 2017, Hakim Handy, ("the Defendant"), was indicted by the grand jury on charges of Conspiracy to Distribute cocaine base and heroin in violation of 21 U.S.C. § 846, Knowing and Intentional Distribution of Heroin, in violation of 18 U.S.C. § 841(a)(1), Possession with Intent to Distribute heroin and 28 grams and more of cocaine base, in violation of 18 U.S.C. § 841(a)(1), and Possession of

1

Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). A superseding indictment was returned on June 6, 2018.  On June 12, 2018, the defendant entered a guilty plea to Count 1 of the First Superseding indictment, Conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 846.

Sentencing is scheduled for October 16, 2018.

## II.   HANDY'S STATUS AS A CAREER OFFENDER

The defendant objects to his classification as a career offender, arguing that his prior controlled substance convictions do not qualify as predicate offenses.

The Government requests that the court find that the defendant was convicted of at least two qualifying prior felony convictions for separate arrests for charges of Delivery of a Controlled Substance that occurred in Lycoming County.  Said arrests resulted in separate guilty pleas and separate sentencings proceeding that occurred on June 22, 2005 and April 24, 2006.

### A. Career Offender Classification

Under U.S.S.G § 4B1.1(a), a defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant

2

committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is … a controlled substance offense and (3) the defendant has at least two prior felony convictions … a controlled substance offense.

Probation determined, as outlined in Paragraph 23 of the Pre-sentence report (PSR), that the defendant is a career offender. With the determination that the defendant is a career offender, the starting offense level stemming from the defendant's guilty plea is 37. PSR ¶ 23.

The defendant objects to that characterization, arguing that his prior felony convictions do not substantiate the finding.

### B. Defendant's Prior Drug-Distribution Convictions.

On March 1, 2005, Handy pleaded guilty to 35 § Pa. C.S. §780-113 §§ (a)(30), Manufacturing, Delivery, or Possessing with the Intent to Deliver a Controlled Substance. The maximum punishment was up to ten years in prison. He was sentenced to two to four years in prison. *See Attached,* Exhibit 1, Certified Copy of Hakim Handy's Guilty Plea and Sentence.

The investigation that led to this arrest and conviction began on April 20, 2004. On that date, a confidential informant was directed to

buy $100 worth of cocaine from Hakim Handy. The informant called a target number and was observed purchasing narcotics from Hakim Handy on the 400 block of 3rd Avenue before turning a bag of cocaine over to police.

On July 7, 2004, a confidential informant was directed to buy $50 worth of cocaine from Hakim Handy. The informant called a target number and arranged a meeting with Hakim Handy.  After meeting with Handy, the informant turned over a bag of cocaine to police.

On July 8, 2004, a confidential informant was directed to buy $100 worth of cocaine from Hakim Handy. The informant called a target number and arranged a meeting with Hakim Handy, who told the confidential informant to go to his residence at 413 5th Avenue.  There, the informant purchased cocaine from a man named Wahid Morris who was sitting on the porch.  *See Attached,* Exhibit 3, Lycoming County Drug Task Force Paperwork, Case 04-8597.

On September 21, 2004, the Defendant was arrested and charged with a number of violations of the law, including Possession with Intent to Deliver Cocaine.  On March 1, 2005, Handy pleaded guilty to 35 § Pa. C.S. §780-113 §§ (a)(30), Manufacturing, Delivery, or Possessing with

the Intent to Deliver a Controlled Substance. The maximum

punishment was up to ten years in prison. He was sentenced to two to

four years in prison.  *See* Exhibit 1.

The investigation that led to this arrest and conviction began on

September 21, 2004.  On that date, a confidential informant was

directed by police officers to make a purchase from Anthony Royal, an

associate of Hakim Handy's, using $200 of pre-recorded money. Police

observed the confidential informant meet Royal.  They then observed

Royal meet with another male, Eugene McManus, before Royal

returned to the confidential informant.  Police observed McManus

depart and then return to 413 5th Avenue. The informant separated

from Royal and returned to police where the informant turned over one

clear bag of cocaine.

Police detained Royal.  Hakim Handy was seen exiting 413 5th

Avenue and was also detained. McManus attempted to flee from the

location at 413 5th Avenue by climbing from the window, but was

detained.

Police officers executed a search warrant on 413 5th Avenue,

Second Floor Apartment. From that location, police recovered: two

5

envelopes containing cocaine, including 10 small ziplock bags in one envelope, amounting to over 10 grams of cocaine; unused packaging material for narcotics, a brown bag containing a "Glad" box and weight scale; along with indicia of residence such as a Social Security Card, and rent receipt. *See Attached,* Exhibit 4, Lycoming County Drug Task Force Paperwork, Case 04-22965.

On April 24, 2006, the Defendant entered a guilty plea to Delivery of a Controlled Substance, punishable by up to ten years in prison. Handy was sentences on that same day to nine to eighteen months of incarceration.  *See Attached,* Exhibit 2, Certified Copy of Hakim Handy's Guilty Plea and Sentence.

### III.  <u>CONCLUSION</u>

In summary, the Government asks that the Court adopt the findings of the PSR as to the defendant's classification as career offender.  The separate sentencings from 2005 and 2006 establish that Hakim Handy sustained at least two qualifying two prior felony convictions of controlled substance offenses.

Acknowledging that the plea agreement includes its recommendation of the third point for acceptance of responsibility, the

Government asks the Court to adopt an offense level 34 and criminal history category VI, and sentence the defendant within the corresponding range of 262 to 327 months.

Respectfully submitted,

DAVID J. FREED
United States Attorney

By:  /s/ Alisan V. Martin
ALISAN V. MARTIN
Assistant U.S. Attorney
Attorney ID PA 316757
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone: (570) 601-8486
Facsimile: (570) 326-7916
alisan.vanfleet@usdoj.gov

Dated:  October 12, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. 4:17-CR-00310 |
| | ) | |
| v. | ) | |
| | ) | (BRANN, J.) |
| HAKIM HANDY, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on this 12th day of October, 2018, she served a copy of the attached

## GOVERNMENT'S NOTICE PURSUANT TO 404(B)

by electronic filing to the person hereinafter named:

> Kyle Rude, Esquire
> kyle@sz-law.com


By:  /s/ Alisan V. Martin
ALISAN V. MARTIN
Assistant U.S. Attorney

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**

COMMONWEALTH

     VS.

HAKIM HANDY

: No. 04-11,471;04-11,472
    04-11,596

:

: Guilty Plea

## O R D E R

     **AND NOW,** this 1st day of March, 2005, the Court having first inquired of the Defendant as to his understanding of the plea and its consequences by means of a written guilty plea colloquy, which is to made part of the record and which was supplemented by an oral colloquy, and having satisfied itself of 1) the factual basis for such plea and 2) that the Defendant is, in fact, guilty under 04-11,471 to Count 1, Possession of a Controlled Substance (cocaine), an ungraded misdemeanor; under 04-11,472 to one consolidated count of Delivery of a Controlled Substance, encompassing Counts 1 and 6 of the criminal information and under 04-11,596 to Count 1, Possession with the Intent to Deliver a Controlled Substance, an ungraded felony, the Court accepts as knowing, intelligent, and voluntary the Defendant's plea of guilty to the said charges.

     It is ORDERED AND DIRECTED that the guilty plea colloquy be marked, filed and entered as part of the record in the above-captioned case.

CERTIFIED FROM THE RECORD

Date     MAY 0 8 2018

*Suzanne M. Fedele*

PROTHONOTARY & CLERK OF COURTS

GOVERNMENT
EXHIBIT
1

1

IN RE: H. Handy

No pre-sentence investigation is requested.

**SENTENCING IS SCHEDULED FOR MAY 24th, 2005**

**AT 9:00 A.M. IN COURTROOM NO. 1.**

BY THE COURT,

Nancy L. Butts, Judge

NLB/rlk

CC: CA;CC;APO;DA(WS);
    W. Miele, Esq.
    Warden;Victim/Witness Coordinator
    Judge Brown
    04-11,472;04-11,596

2

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : NO./NOS. 04-11,471
                                    :          04-11,472
              VS.                   :          04-11,596
    Hakim Handy                     : DATE: Jan. 6, 2005
              Defendant             :       (of Guilty Plea)

| COUNT NO | | CHARGE | GRADE | MAXIMUM YEARS | PUNISHMENT FINE | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|---|---|
| 471 | 1 | PCS (coc) | M | 1 | $5,000 | 3 | 0 |
| 472 | Cons. | DCS (2.79) | f | 10 | $100,000 | 7 | 0 |
| 596 | 1 | PWD | f | 10 | $100,000 | 6 | 0 |

TOTAL: 21    205,000

Sentence Guideline Range:    Standard    Aggravated    Mitigated

Special Sentencing Provisions Applicable (mandatory,
intermediate punishment...): _____

Terms of Plea Agreement: __2 - 4y (min - MAX) HWM___
Credit for time served    boot camp elig

## GUILTY PLEA

You are present before this Court because you or your lawyer have stated that you wish to plead guilty to some or all of the criminal offenses with which you have been charged. Please answer fully all of the questions on this document.  If you do not understand any question, do not answer that question. If you do understand the question, you should answer "yes" or "no", or fill in another appropriate answer.

This is a sworn statement.  After you have finished reading this form and filling it out, you should sign it on the last page, on the line that says "Defendant".  You should also initial each page at the bottom, but only if you have read and have understood that page.  If there is anything that you do not understand, you should tell your lawyer and the judge who hears your case, so that they can explain it to you fully, to make sure that you understand all your rights.

Most of these questions can be answered "yes" or "no". Where general information is requested, please answer fully.

1.   What is your full name? *Hakim    Handy*

2.   Has your attorney explained to you all of the elements of the crime or crimes to which you intend to plead guilty? *yes*

3.   If there is a plea agreement, do you understand that the judge is not bound by this agreement and does not have to accept it?   *yes*

4.   Do you understand that if the judge does not accept the plea agreement that you may then withdraw your plea of guilty? *yes*

5.   Do you fully understand the permissible range of sentences and/or fines that can be imposed for the crime/crimes with which you are pleading guilty? *yes*

6.   Has anybody told you, promised you, or suggested to you in any manner what the actual sentence of the judge will be? [This does not include conversations with your attorney about plea agreements and sentencing guidelines]. *NO*

7.   Do you understand that you do not have to plead guilty and that you have a constitutional right to a trial by jury? *yes*

(page 2 of 7)

Initial: *H. H.*

8.  Do you understand that you may waive your right to a jury trial and have your case tried before a judge who would then decide whether you are guilty or not guilty? _yes_

9.  Do you understand that if you were to choose to go to trial that you are presumed to be innocent and that the District Attorney must prove your guilt beyond a reasonable doubt to each element of every crime charged? _yes_

10. Do you understand that: a) If you choose to go to trial you do not have to testify - you may tell your side of the story, but you do not have to; b) If you choose not to testify, the jury and judge cannot hold that against you and they may not consider that in any way in reaching a verdict? _yes_

11. Do you understand that if you were to go to trial you do not have to present any evidence or have anyone testify on your behalf - you may but you don't have to and the judge and jury cannot hold it against you if you do not? _yes_

12. Do you understand that you do not have to establish or prove your innocence and it is absolutely necessary that the District Attorney prove your guilt beyond a reasonable doubt? _yes_

13. A.  Do you understand that if you plead guilty you are waiving, or giving up, your right to have the District Attorney prove you guilty beyond a reasonable doubt? _yes_

    B.  Do you understand that although the District Attorney has the burden of proving that you are guilty, this does not mean that the District Attorney must prove its case beyond all doubt and to a mathematical certainty, nor must it demonstrate the complete impossibility of innocence. A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to hesitate before acting upon a matter of importance in his own affairs. A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crime. A reasonable doubt must be a real doubt; it may not be an imagined one, nor may it be a doubt manufactured to avoid carrying out an unpleasant duty? Do you understand what guilt beyond a reasonable doubt is? _yes_

14. It is necessary that you understand the jury selection process. If you were to go to trial, a group of people, picked at random and representing a cross section of the

(page 3 of 7)          Initial: _H.H_

citizens of Lycoming County would be brought into the courtroom. They would be placed under oath; that is, they would be sworn to tell the truth. While they are under oath, you, through your attorney, would have the right to ask them certain questions, as would the District Attorney. These questions would be designed to determine whether the prospective jurors could be fair and impartial. If the answers to the questions would indicate to the Judge that that prospective juror/jurors could not be fair and impartial, they would be dismissed for cause. There is no limit to the number of jurors that can be dismissed for cause. In addition to this, you, through your attorney, and the District Attorney would have the right to cross off or eliminate five jurors each, if the most serious charge is a misdemeanor, or seven jurors each, if the most serious charge is a felony. These are known as peremptory challenges. You do not have to give any reason to anyone as to why you dismissed these five or seven prospective jurors. The result would be that we would end with twelve jurors and two alternates who would sit and listen to the entire case. Only twelve of these jurors would then go to the jury room to deliberate on the case and determine whether the District Attorney has proven you guilty beyond a reasonable doubt.

a.  Do you understand the jury selection process? _Yes_

b.  Do you understand that you have a right to help and to assist your attorney in selecting a jury? _yes_

c.  Do you understand that in order to find you guilty the jury must reach a unanimous verdict? In other words, do you understand that all twelve jurors must be convinced beyond a reasonable doubt that the District Attorney has proven you guilty? _yes_

d.  Do you understand that if you plead guilty you are waiving, or giving up, your right to a trial by jury? _yes_

e.  Do you understand that if you plead guilty you are waiving, or giving up, your right to be tried by a judge who would decide if you were guilty or not guilty? _yes_

15.  Do you understand that if you plead guilty you are waiving, or giving up, your right to present any defenses that either you or your attorney may think that you have to the crime or crimes charged? _yes_

(page 4 of 7)

Initial: _H. H._

16. Do you understand that by pleading guilty you are waiving, or giving up, your right to file any pre-trial motions and waiving any such motions already filed? _yes_

17. Do you understand that if you choose to go to trial, the District Attorney would call certain witnesses to testify against you and that you have a right to confront and cross-examine these witnesses? _yes_

18. Do you understand that if you plead guilty you are waiving, or giving up, your right to confront and cross-examine the witnesses that the District Attorney would call to testify against you? _yes_

19. Do you understand that if you plead guilty you are waiving your right to object to anything that you think was improper or illegal in your apprehension and arrest, or in the investigation, and the prosecution of the charges against you? _yes_

20. There are certain rights that you do not waive even after sentencing. You have a right to appeal your conviction to the Superior Court within 30 days after the date of sentencing. The appeal of a guilty plea is limited to four grounds. They are:

    a. That your guilty plea was not a knowing, understanding, and voluntary act,

    b. That the Court did not have jurisdiction to accept your plea (in other words the crime or crimes for which you are pleading guilty did not occur in Lycoming County),

    c. That the sentence was improper or in excess of a plea agreement or illegal and,

    d. That your attorney was not competent.

    Do you understand these four areas of appeal, what they mean and the fact that they are not waived? _yes_

21. Whose decision is it to plead guilty? _me_

22. Why do you wish to plead guilty? _Because I have A Sunn on the way any day she is 9mis_

23. What is the name of your attorney? _William m.ele_

(page 5 of 7)

Initial: _H.H_

24. Have you thoroughly discussed with your attorney all of the facts and circumstances surrounding the charges against you? *yes*

25. Are you satisfied with the representation and advice of your attorney? *yes*

26. Have you used any alcoholic beverages or drugs of any nature, including prescription drugs, within the last 24 hours? *yes*

27. If the answer to number 26 is yes, is the use of such alcoholic beverages or drugs affecting your ability to make decisions or to understand what you are now doing? *No*

28. How old are you? *21*

29. How far did you go in school? *12*

30. Can you read, write and understand the English language? *Yes*

31. If the answer to number 30 is no, has this written guilty plea colloquy been read to you in a manner that enables you to fully understand all of the statements, questions and answers? *yes*

32. Are you presently under treatment for any mental or emotional disability? *No*

33. To your knowledge, are you now suffering from any mental or emotional disability? *No*

34. Has anybody made any promises to you [other than those in the plea agreement], threatened you in any manner or done or said anything that would force you or put pressure on you to plead guilty? *No*

35. Is your plea of guilty being given freely and voluntarily without any force, threats, pressure or intimidation? *Yes*

36. Has your attorney fully explained to you the meaning of all the terms of this document? *Yes*

37. If you are now on probation or parole, do you realize that your plea of guilty will mean a violation of that probation or parole and that you could be sentenced to prison as a result of the violation caused by your guilty plea today? *yes*

(page 6 of 7)

Initial: *H.H*

38.  Do you understand that the decision to enter a guilty plea
     is yours and yours alone; that you do not have to enter a
     plea of guilty and give up all your rights as previously
     explained to you; and that no one can force you to enter a
     guilty plea? _yes_

39.  Do you realize you have a right to plead not guilty as well
     as guilty? _yes_

40.  Do you completely understand all the instructions, terms,
     provisions, questions and answers of this written guilty
     plea colloquy form? _yes_

     I swear and affirm that I have read this entire document or
it was read to me and I understand its full meaning, and I
still, nevertheless, want to enter a plea of guilty to the
offense or offenses specified.

DATE:  _1-6-05_                    _Hakim   Handy_
                                   Defendant

ORIGINAL - COURT FILE
COPY 1 - DEFENSE COUNSEL
COPY 2 - DISTRICT ATTORNEY
REVISED 09/98

Initial:  _H.H._

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH         : No.     04-11,472, OTN K011862-4

                       No.     04-11,471, OTN L187438-6

    VS               : No.     04-11,596, OTN L208578-6

HAKIM HANDY         : State Sentence

## O R D E R

**AND NOW**, this 22ND day of June 2005, the sentence of the Court as to **Information No. 04-11,472** is that the Defendant shall pay all costs of prosecution, for Consolidated Count 1, delivery of a controlled substance, cocaine, an ungraded felony, that the Defendant shall pay an Act 198 fee in the amount of $100.00, that the Defendant shall provide blood work pursuant to Act 57 and pay a $250.00 fee to the Pennsylvania State Police Data Bank, and that the Defendant undergo incarceration in the State Correctional Institution for an indeterminate period of time, the minimum which shall be two (2) years and the maximum which shall be four (4) years.  All remaining counts of the information are hereby dismissed.

The sentence of the Court under **Information No. 04-11,471** is that the Defendant shall pay all costs of prosecution as to Count 1, possession of cocaine, that the Defendant pay an Act 198 fee in the amount of $100.00, and that the defendant undergo incarceration at a State Correctional Institution for an indeterminate period of time, the minimum which shall be one (1) month and the maximum which shall be twelve (12) months.  This sentence shall run concurrent with the sentence imposed in case

**CERTIFIED FROM THE RECORD**

Date    MAY 0 8 2018

*Suzanne M. Fedele*

**PROTHONOTARY & CLERK OF COURTS**

**IN RE: HANDY**

number 04-11, 472.  All remaining counts are hereby dismissed.

The sentence of the Court as to **Information No. 04-11,596** for Count 1, possession of with intent to deliver cocaine, an ungraded felony, is that the Defendant pay all costs of prosecution, pay an Act 198 fee in the amount of $100.00, that the Defendant should provide blood work pursuant to Act 57 and pay a $250.00 fee to the Pennsylvania State Police Data Bank, that he the Defendant shall pay restitution to the Drug Task Force in the amount of $200.00, and he shall undergo incarceration in a State Correctional Institution for an indeterminate period of time, the minimum which shall be two (2) years and the maximum which shall be four (4) years.  This sentence should run concurrent with case number 04-11, 472.  The remaining counts of the information are hereby dismissed.

The Court would recommend the defendant for the Bootcamp Program and the Court would also recommend the Defendant for G.E.D. classes.

The Defendant shall be transported by the Sheriff of Lycoming County to the custody of the Superintendent at the State Correctional Institution at Camp Hill for classification purposes.

The Defendant's payment of cost, fines, and restitution in compliance with this order is hereby made a condition of intermediate punishment, probation, or parole supervision.

This Order for restitution, costs and/or fines herein established shall be entered as a judgment in favor of Lycoming County 42 Pa. C.S.A Section 9728.

**IN RE: HANDY**

If any bail was posted in this matter it is hereby terminated. It is further ORDERED and DIRECTED that the Prothonotary shall return such bail to the person who posted it, less poundage.

This shall apply regardless of whether such bail was ten percent cash bail, personal property bail, or any other type of bail.

By The Court,

Kenneth D. Brown, P.J.

cc: Court Administrator
District Attorney (HM)
Cost Clerk
APO
Public Defender (JP)
Warden (2)
Sheriff
SCI Camp Hill
Judge Brown
lms

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH,** | : |
| | : OTN: No. K207074-0 |
| **VS.** | : NO. CR-445-2006 |
| **HAKIM HANDY** | : STATE |
| Defendant | : GUILTY PLEA/SENTENCE |

## O R D E R

**AND NOW,** this __24th day__ of __April 2006__, the Court having first inquired of the Defendant as to his/her understanding of the plea and its consequences by means of a written guilty plea colloquy, which is to be made part of the record and which was supplemented by an oral colloquy, and having satisfied itself of **1)** the factual basis for such plea and **2)** that the Defendant is, in fact, guilty of Count 3 Delivery of a Controlled Substance a Felony, the Court accepts as knowing, intelligent and voluntary the Defendant's plea of guilty to the said charges.

It is hereby **ORDERED and DIRECTED** that the guilty plea colloquy be marked, filed and entered as part of the record in the above-captioned case.

The sentence of the Court is that the Defendant shall pay all costs of prosecution which shall include a **$100.00 Act 198 Fee**, a DNA Fee of **$250.00** and submit to a Blood Draw in Accordance with Act 57, and as to Count 3 Delivery of a Controlled Substance a felony, the Defendant shall undergo incarceration in a **State Correctional Facility** for an indeterminate period of time, the minimum of which shall be **nine (9) months** and the maximum of which shall be **eighteen (18) months**. This sentence is

CERTIFIED FROM THE RECORD

Date  OCT 1 2 2018

*Suzanne M. Fedele*

PROTHONOTARY & CLERK OF COURTS

GOVERNMENT EXHIBIT 2   PENGAD-Bayonne, N.J.



pronounced as a State Incarceration Sentence as the Defendant is presently serving a term of State Incarceration. This sentence shall run concurrently with the State Sentence that the Defendant is presently serving. This sentence shall be effective today, this date, **April 24, 2006**.

The Defendant's payment of costs, fines and restitution in compliance with this Order is hereby made a condition of intermediate punishment, probation or parole supervision.

This Order for restitution, costs and/or fines herein established shall be entered as a judgment in favor of Lycoming County 42 Pa. C.S.A. Section 9728.

Upon Motion of the Commonwealth, all remaining Counts are hereby **DISMISSED**.

The Sheriff of Lycoming County is **DIRECTED** to deliver the Defendant to an appropriate classification center. A copy of the pre-sentence investigation and all allied papers shall be provided to that institution.

If any bail was posted in this matter, it is hereby terminated. It is further **ORDERED and DIRECTED** that the Prothonotary shall return such bail to the person who posted it, less poundage. This shall apply regardless of whether such bail was ten percent (10%) cash bail, personal or real property bail or any other type of bail.

BY THE COURT,

_____ (J)
Dudley N. Anderson, Judge

CC: Court Admin.
    Cost Clerk
    Robert Ferrell, Esquire – ADA
    Gregory Drab, Esquire-APD
    Hakim Handy-C/O Lycoming County Prison
    Adult Probation Office
    District Attorney's Office
    Sheriff's Office
    Warden
    SCI Forrest
(DNA/dmd)

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA        :        NO./NOS.  445 - 2006
                                    :
                    VS.             :
    HAKIM  HANDY                     :        DATE:  7/24/06
                    Defendant       :                (of Guilty Plea)

| COUNT NO | CHARGE | GRADE | MAXIMUM YEARS | PUNISHMENT FINE | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|---|
| 3 | DCS | F- | 10 | 100 000 | 6 | 2 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| TOTAL: | | | 10 | 100 000 | | |

Sentence Guideline Range:    Standard    Aggravated    Mitigated
                              9 - 16       + 6           - 6

Special Sentencing Provisions Applicable (mandatory,
intermediate punishment...):_____

Terms of Plea Agreement: OP  TO  DCS  FM
9 - 18  MONTHS  (STATE)  TO  RUN
CONCURRENT  WITH  OTHER  CURRENT
SENTENCE.  (COULD  BE  LESS  W/ COOPERATION)
DROP  ALL  OTHERS

ORIGINAL - COURT FILE
COPY 1 - DEFENSE COUNSEL
COPY 2 - DISTRICT ATTORNEY
REVISED 09/98

## GUILTY PLEA

You are present before this Court because you or your lawyer have stated that you wish to plead guilty to some or all of the criminal offenses with which you have been charged. Please answer fully all of the questions on this document.  If you do not understand any question, do not answer that question. If you do understand the question, you should answer "yes" or "no", or fill in another appropriate answer.

This is a sworn statement.  After you have finished reading this form and filling it out, you should sign it on the last page, on the line that says "Defendant".  You should also initial each page at the bottom, but only if you have read and have understood that page.  If there is anything that you do not understand, you should tell your lawyer and the judge who hears your case, so that they can explain it to you fully, to make sure that you understand all your rights.

Most of these questions can be answered "yes" or "no". Where general information is requested, please answer fully.

1.  What is your full name? *Hakim Handy*

2.  Has your attorney explained to you all of the elements of the crime or crimes to which you intend to plead guilty? *yes*

3.  If there is a plea agreement, do you understand that the judge is not bound by this agreement and does not have to accept it?     *yes*

4.  Do you understand that if the judge does not accept the plea agreement that you may then withdraw your plea of guilty? *yes*

5.  Do you fully understand the permissible range of sentences and/or fines that can be imposed for the crime/crimes with which you are pleading guilty? *yes*

6.  Has anybody told you, promised you, or suggested to you in any manner what the actual sentence of the judge will be? [This does not include conversations with your attorney about plea agreements and sentencing guidelines].  *yes*

7.  Do you understand that you do not have to plead guilty and that you have a constitutional right to a trial by jury? *yes*

(page 2 of 7)

Initial: *HH*

ORIGINAL - COURT FILE
COPY 1 - DEFENSE COUNSEL
COPY 2 - DISTRICT ATTORNEY
REVISED 09/98

8.  Do you understand that you may waive your right to a jury trial and have your case tried before a judge who would then decide whether you are guilty or not guilty?  *yes*

9.  Do you understand that if you were to choose to go to trial that you are presumed to be innocent and that the District Attorney must prove your guilt beyond a reasonable doubt to each element of every crime charged?  *Yes*

10. Do you understand that:  a) If you choose to go to trial you do not have to testify - you may tell your side of the story, but you do not have to;  b) If you choose not to testify, the jury and judge cannot hold that against you and they may not consider that in any way in reaching a verdict?  *yes*

11. Do you understand that if you were to go to trial you do not have to present any evidence or have anyone testify on your behalf - you may but you don't have to and the judge and jury cannot hold it against you if you do not?  *Yes*

12. Do you understand that you do not have to establish or prove your innocence and it is absolutely necessary that the District Attorney prove your guilt beyond a reasonable doubt?  *yes*

13. A.  Do you understand that if you plead guilty you are waiving, or giving up, your right to have the District Attorney prove you guilty beyond a reasonable doubt?  *yes*

    B.  Do you understand that although the District Attorney has the burden of proving that you are guilty, this does not mean that the District Attorney must prove its case beyond all doubt and to a mathematical certainty, nor must it demonstrate the complete impossibility of innocence.  A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to hesitate before acting upon a matter of importance in his own affairs.  A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crime. A reasonable doubt must be a real doubt; it may not be an imagined one, nor may it be a doubt manufactured to avoid carrying out an unpleasant duty? Do you understand what guilt beyond a reasonable doubt is?  *yes*

14. It is necessary that you understand the jury selection process.  If you were to go to trial, a group of people, picked at random and representing a cross section of the

(page 3 of 7)                    Initial: *H H*

ORIGINAL - COURT FILE
COPY 1 - DEFENSE COUNSEL
COPY 2 - DISTRICT ATTORNEY
REVISED 09/98

citizens of Lycoming County would be brought into the
courtroom.  They would be placed under oath; that is, they
would be sworn to tell the truth.  While they are under
oath, you, through your attorney, would have the right to
ask them certain questions, as would the District Attorney.
These questions would be designed to determine whether the
prospective jurors could be fair and impartial.  If the
answers to the questions would indicate to the Judge that
that prospective juror/jurors could not be fair and
impartial, they would be dismissed for cause.  There is no
limit to the number of jurors that can be dismissed for
cause.  In addition to this, you, through your attorney,
and the District Attorney would have the right to cross off
or eliminate five jurors each, if the most serious charge
is a misdemeanor, or seven jurors each, if the most serious
charge is a felony.  These are known as peremptory
challenges.  You do not have to give any reason to anyone
as to why you dismissed these five or seven prospective
jurors.  The result would be that we would end with twelve
jurors and two alternates who would sit and listen to the
entire case.  Only twelve of these jurors would then go to
the jury room to deliberate on the case and determine
whether the District Attorney has proven you guilty beyond
a reasonable doubt.

a.   Do you understand the jury selection process? _yes_

b.   Do you understand that you have a right to help and to
     assist your attorney in selecting a jury? _yes_

c.   Do you understand that in order to find you guilty the
     jury must reach a unanimous verdict?  In other words,
     do you understand that all twelve jurors must be
     convinced beyond a reasonable doubt that the District
     Attorney has proven you guilty? _yes_

d.   Do you understand that if you plead guilty you are
     waiving, or giving up, your right to a trial by jury?
     _yes_

e.   Do you understand that if you plead guilty you are
     waiving, or giving up, your right to be tried by a
     judge who would decide if you were guilty or not
     guilty? _yes_

15.  Do you understand that if you plead guilty you are waiving,
     or giving up, your right to present any defenses that
     either you or your attorney may think that you have to the
     crime or crimes charged? _yes_

(page 4 of 7)

Initial: _H H_

16. Do you understand that by pleading guilty you are waiving, or giving up, your right to file any pre-trial motions and waiving any such motions already filed? _Yes_

17. Do you understand that if you choose to go to trial, the District Attorney would call certain witnesses to testify against you and that you have a right to confront and cross-examine these witnesses? _Yes_

18. Do you understand that if you plead guilty you are waiving, or giving up, your right to confront and cross-examine the witnesses that the District Attorney would call to testify against you? _Yes_

19. Do you understand that if you plead guilty you are waiving your right to object to anything that you think was improper or illegal in your apprehension and arrest, or in the investigation, and the prosecution of the charges against you? _yes_

20. There are certain rights that you do not waive even after sentencing. You have a right to appeal your conviction to the Superior Court within 30 days after the date of sentencing. The appeal of a guilty plea is limited to four grounds. They are:

    a. That your guilty plea was not a knowing, understanding, and voluntary act,

    b. That the Court did not have jurisdiction to accept your plea (in other words the crime or crimes for which you are pleading guilty did not occur in Lycoming County),

    c. That the sentence was improper or in excess of a plea agreement or illegal and,

    d. That your attorney was not competent.

    Do you understand these four areas of appeal, what they mean and the fact that they are not waived? _Yes_

21. Whose decision is it to plead guilty? _Hakim Hand_

22. Why do you wish to plead guilty? _Because I'm guilty_

23. What is the name of your attorney? _Brace_

(page 5 of 7)

Initial: _HH_

ORIGINAL – COURT FILE
COPY 1 – DEFENSE COUNSEL
COPY 2 – DISTRICT ATTORNEY
REVISED 09/98

24. Have you thoroughly discussed with your attorney all of the facts and circumstances surrounding the charges against you? _Yes_

25. Are you satisfied with the representation and advice of your attorney? _Yes_

26. Have you used any alcoholic beverages or drugs of any nature, including prescription drugs, within the last 24 hours? _NO_

27. If the answer to number 26 is yes, is the use of such alcoholic beverages or drugs affecting your ability to make decisions or to understand what you are now doing? _No_

28. How old are you? _22_

29. How far did you go in school? _11_

30. Can you read, write and understand the English language? _Yes_

31. If the answer to number 30 is no, has this written guilty plea colloquy been read to you in a manner that enables you to fully understand all of the statements, questions and answers? _yes_

32. Are you presently under treatment for any mental or emotional disability? _NO_

33. To your knowledge, are you now suffering from any mental or emotional disability? _NO_

34. Has anybody made any promises to you [other than those in the plea agreement], threatened you in any manner or done or said anything that would force you or put pressure on you to plead guilty? _NO_

35. Is your plea of guilty being given freely and voluntarily without any force, threats, pressure or intimidation? _yes_

36. Has your attorney fully explained to you the meaning of all the terms of this document? _yes_

37. If you are now on probation or parole, do you realize that your plea of guilty will mean a violation of that probation or parole and that you could be sentenced to prison as a result of the violation caused by your guilty plea today? _yes_

(page 6 of 7)

Initial: _H H_

38.  Do you understand that the decision to enter a guilty plea is yours and yours alone; that you do not have to enter a plea of guilty and give up all your rights as previously explained to you; and that no one can force you to enter a guilty plea?  yes

39.  Do you realize you have a right to plead not guilty as well as guilty?  yes

40.  Do you completely understand all the instructions, terms, provisions, questions and answers of this written guilty plea colloquy form?  yes

    I swear and affirm that I have read this entire document or it was read to me and I understand its full meaning, and I still, nevertheless, want to enter a plea of guilty to the offense or offenses specified.

DATE: _4-24-06_                    _Hakim  Handy_
                                  Defendant

ORIGINAL - COURT FILE
COPY 1 - DEFENSE COUNSEL
COPY 2 - DISTRICT ATTORNEY
REVISED 09/98

(page 7 of 7)

Initial: _H H_

L.C.D.T.F. – COVER SHEET

## LYCOMING COUNTY DRUG TASK FORCE
### NARCOTICS INVESTIGATION – COVER SHEET – PAGE #1

| | |
|---|---|
| **COMMENCE DATE** | : 04/20/04 |
| **CASE NUMBER** | : 04-8597 |
| **TOTAL RESTITUTION** | : $100.00 |
| **DATE OF INCIDENT** | : 04/20/04 |
| **OFFICER SUBMITTING REPORT** | : KREITZ |
| **LAW ENFORCEMENT PERSONNEL INVOLVED** | : KREITZ, BROWN, MOORE |

**CLASSIFICATION OF REPORT:**  _INITIAL  _SUPPRESSION  _SENTENCING
_SUPPLEMENTAL  _TRIAL  _CLOSED
_ARREST  _FORFEITURE
_PRELIMINARY HEARING  _DESTRUCTION

**SCHOOL ZONE -** ☒YES ☐NO

**PLAYGROUND -** ☐YES ☐NO

**SUSPECT & SUBJECT INFORMATION:**

1.  HAKIM HANDY, AKA ANIMAL
    B/M, DOB: 04/29/83, OLN: 27674278, SSN: 159644732

**OTN / LTN:**

**EVIDENCE:**

ITEM A: ONE ORANGE SEMI-TRANSPARENT PLASTIC BAG CONTAINING SUS. COCAINE. F.T.(+)BROWN.
ITEM B: AUDIO TPAED INTERVIEW WITH CI#04-24.
ITEM C: VIDEO TAPED SURVEILLANCE.

**ATTACHMENTS:**

GOVERNMENT
EXHIBIT
3

CARDELS 800-783-0399

LYCOMING COUNTY DRUG TASK FORCE
NARCOTICS INVESTIGATION – COVER SHEET – PAGE #2

**SYNOPSIS:**

ON 04/20/04 CI#04-24 PURCHASED ONE ORANGE SEMI-TRANSPARENT PLASTIC BAG CONTAINING SUS. COCAINE FROM HAKIM HANDY, AKA ANIMAL, IN THE 400 BLK OF 3RD AVE. FOR $100.00.

F.T.(+)BROWN

**CHRONOLOGICAL ORDER OF EVENTS:**

04/20/04- C/B

| | |
|---|---|
| **SIGNATURE OF SUBMITTING OFFICER** | : KREITZ / |
| **DATE** | : 04/20/04 |
| **SIGNATURE OF SUPERVISOR** | : |

COPY OF THE REPORT WAS FURNISHED TO THE DA'S OFFICE AND:

| WBP-2 | WILLIAMSPORT BUREAU OF POLICE | Case # 04-8597 |

On 4-20-04 members of the LCDTF and Crime Suppression Unit conducted a controlled buy utilizing CI# 04-24. The C/B consisted of the CI calling 777-3080 and establishing contact with target, HAKIM HANDY, AKA: ANIMAL. The CI arranged to meet HANDY at 3rd and Memorial ave to purchase $100.00 worth of cocaine.

PO Kreitz and I conducted surveillance in the 600 block of 3rd Ave. The CI was observed making the buy with HANDY in the 400 block of 3rd Ave. (SEE VIDEO FOR DETAILS)

I did field test the suspected cocaine and it tested positive.

| Signature of Reporting Officer: | Badge # 39 | Date: 4-20-04 | Supervisor: | Date: | Reviewed By: | Date: |

Case Status:
- [ ] Complete  [X] Active  [ ] Arrest Cleared
- [ ] Unfounded  [ ] Inactive  [ ] Exceptionally Cleared

PAGE 1 OF 1

WBP #2 REV MAY 2002

**SURVEILLANCE REPORT**
**WILLIAMSPORT BUREAU OF POLICE – LYCOMING COUNTY DRUG TASK FORCE**

INCIDENT NUMBER   :04-8597
DATE                        :04/20/04
DAY OF WEEK         :TUESDAY
OFFICERS PRESENT   :UNGARD,KRIETZ,MOORE,BROWN

| TIME | ACTIVITY OBSERVED |
|------|-------------------|
| 1633 | SEARCH OF CI, NO CONTRABAND FOUND |
| 1636 | 100$ IN PRE-RECORDED FUNDS PROVIDED TO CI # 04-24 |
| 1640 | DEPART DTF WITH CI |
| 1643 | ARRIVE TO AREA OF CAMPBELL AND MEMORIAL AVE , WHERE CI EXITS VEHICLE |
| 1653 | CI GETS BACK INTO VEHICLE AND PROVIDES ME WITH ONE LARGE BAG OF SUSPECTED COCAINE |
| 1700 | ARRIVE  DTF OFFICE AND SEARCH CI-NO CONTRABAND FOUND , BEGIN AUDIO TAPED INTERVIEW WITH CI |
| 1705 | COMPLETE INTERVIEW |

REPORTING OFFICER(S):MOORE  # 28

PAGE  1 OF 1

# Police Property Record

| | | | UCR: 1100 | | DATE OF CASE: 04/20/04 | TIME OF CASE: | CASE NO: 04-8597 |
|---|---|---|---|---|---|---|---|

**OBTAINED FROM:** ☐ VICTIM   **ADDRESS:**   D.O.B.:   **HOME PHONE NO:**   **BUS. PHONE NO:**

**OWNERS NAME:** ☐ VICTIM   **ADDRESS:**   D.O.B.:   **HOME PHONE NO:**   **BUS. PHONE NO:**

**SUSPECTS NAME:** HAKIM HANDY ETAL   **ARRESTED** ☐ YES ☒ NO   **ADDRESS:** 413 5TH AVE , WMSPT PA 17701   D.O.B.: 4/29/83   **HOME PHONE NO:**   **BUS. PHONE NO:**

| PREFIX | QUANTITY | ITEM | MAKE | MODEL | COLOR | STYLE | SERIAL NUMBER | STATUS | PROP CLASS | BAR CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | E.E. CONTAINING ONE PINK TRANSPARENT BAG CONTAINING SUSPECTED COCAINE FT + BROWN | | | | | | H | PE | |
| B | 1 | E.E. AUDIO TAPED DEBRIEF WITH CI # 04-24 | | | | | | H | PE | |
| C | 1 | E.E. CONTAINING ONE VIDEO SURVEILLANCE TAPE | | | | | | H | PE | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

**STATUS CODES:** H-HOLD   R-RELEASABLE   D-DISPOSE   NA-RELEASED AT STATION

**CLASSIFICATION CODES:** FP-FOUND PROPERTY   RG-RECOVERED GOODS   PP-PERSONAL PROPERTY   SK-SAFE KEEPING   PE-PHYSICAL EVIDENCE

| PREFIX | QUANTITY | SIGNATURE OF RECEIVER | TEMP BIN# | ADDRESS | | PHONE NO | RELEASER'S SIGNATURE | DATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

☐ INITIAL REPORT  NARRATIVE:

**DID OFFICER ATTEMPT CONTACT OF OWNER OF ITEM RECOVERED / FOUND?** ☐ YES ☐ NO   **FORWARD TO INVESTIGATING OFFICER** ☐ YES   **WAS CONTACT MADE?** ☐ YES ☐ NO

| SIGNATURE OF OFFICER: | BADGE # 28 | DATE & TIME | | SUPERVISOR | PAGE 1 OF 1 |
|---|---|---|---|---|---|

WBP #5 REV JUNE 2003

*Driver Detail*                                    *PA Department of Transportation*

| *Driver Demographics* | | *Source: PennDOT IMS* |
| --- | --- | --- |

**HANDY, HAKIM**
Driver Name

**27 674 278**
Driver License Number

**04/29/1983**
Date of Birth

**M**
Gender

**67**
Height (inches)

**(BR) BROWN**
Eye Color

**4209 MANTUA**
**PHILADELPHIA, PA 19104**
Driver Address

Driver History

| *Driver License* | | *Source: PennDOT IMS* |
| --- | --- | --- |

Issue Date        Expiration Date

**00**
Duplicate Count

License Class

Endorsements      Restrictions

Commercial Restrictions

| *Photo History* | *Source: Viisage Corporation Photo Repository* |
| --- | --- |

*Photo Record (1 of 1)*

*Photo Capture Station Information*



**12/09/2003 15:04:19**
Photo Date

**(041) WILLIAMSPORT**
Location

**GXWARD**
Operator ID

**02**
Station ID

**200304102@343066**
Viisage Control ID

*Driver Information*

**27 674 278**
Driver License Number

**04/29/1983**
Date of
Birth

**PHILADELPHIA**
County

**ID ONLY NOT A LICENSE AGE 21 ON**
**04/29/2004**
License Card Type

**NO**
Organ Donor

*Hakim Handy*

# Police Property Record

| | | |
|---|---|---|
| UCR: 1100 | DATE OF CASE: 07/08/04 | TIME OF CASE: |
| CASE NO: 04-8597 | | |

| OBTAINED FROM: | ☐ VICTIM | ADDRESS: | | D.O.B.: | HOME PHONE NO: | BUS. PHONE NO: |
|---|---|---|---|---|---|---|
| OWNERS NAME: | ☐ VICTIM | ADDRESS: | | D.O.B.: | HOME PHONE NO: | BUS. PHONE NO: |
| SUSPECTS NAME: WAHID MORRIS  etal | ARRESTED ☐ YES ☐ NO | ADDRESS: | | D.O.B.: 8-5-80 | HOME PHONE NO: | BUS. PHONE NO: |

| PREFIX | QUANTITY | ITEM | MAKE | MODEL | COLOR | STYLE | SERIAL NUMBER | STATUS | PROP CLASS | BAR CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| G | 1 | E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE SMALL CLEAR ZIPLOCK BAG CONTAINING SUSPECTED COCAINE,FT+39 | | | | | | H | PE | |
| H | 1 | E.E. CONTAINING ONE AUDIO-TAPED DEBRIEF CI 04-24 | | | | | | H | PE | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

STATUS CODES:   H-HOLD   R-RELEASABLE   D-DISPOSE   NA-RELEASED AT STATION
CLASSIFICATION CODES:   FP-FOUND PROPERTY   RG-RECOVERED GOODS   PP-PERSONAL PROPERTY   SK-SAFE KEEPING   PE-PHYSICAL EVIDENCE

| PREFIX | QUANTITY | SIGNATURE OF RECEIVER | ADDRESS | PHONE NO | RELEASER'S SIGNATURE | DATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

☐ INITIAL REPORT   NARRATIVE: ITEM "G" TO LAB

DID OFFICER ATTEMPT CONTACT OF OWNER OF ITEM RECOVERED / FOUND? ☐ YES ☐ NO       WAS CONTACT MADE? ☐ YES ☐ NO

| SIGNATURE OF OFFICER: | BADGE # 28 | TEMP BIN# | DATE & TIME | FORWARD TO INVESTIGATING OFFICER ☐ YES | SUPERVISOR | PAGE 1 OF 1 |
|---|---|---|---|---|---|---|

WBP #5 REV JUNE 2003

L.C.D.T.F. – COVER SHEET

## LYCOMING COUNTY DRUG TASK FORCE
### NARCOTICS INVESTIGATION – COVER SHEET – PAGE #1

**COMMENCE DATE**                                : 04/20/04
**CASE NUMBER**                                   : 04-8597
**TOTAL RESTITUTION**                          : $150.00
**DATE OF INCIDENT**                            : 07/07/04
**OFFICER SUBMITTING REPORT**          : MOORE
**LAW ENFORCEMENT PERSONNEL INVOLVED**    : UNGARD, KREITZ, HAGAN, MOORE, BROWN

**CLASSIFICATION OF REPORT:**      _INITIAL            _SUPPRESSION        _SENTENCING
                                                        X SUPPLEMENTAL    _TRIAL                   _CLOSED
                                                        _ARREST            _FORFEITURE
                                                        _PRELIMINARY HEARING   _DESTRUCTION

**SCHOOL ZONE -**        YES       NO
                                      ☐          ☐
**PLAYGROUND -**        YES       NO
                                      ☐          ☐

---

**SUSPECT & SUBJECT INFORMATION:**

1.       HAKIM HANDY, AKA ANIMAL
           B/M, DOB: 04/29/83, OLN: 27674278, SSN: 159644732

---

**OTN / LTN:**

---

**EVIDENCE:**

ITEM A: ONE ORANGE SEMI-TRANSPARENT PLASTIC BAG CONTAINING SUS. COCAINE. F.T.(+)BROWN.
ITEM B: AUDIO TAPED INTERVIEW WITH CI#04-24.
ITEM C: VIDEO TAPED SURVEILLANCE. KREITZ
ITEM D: ONE E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE CLEAR SMALL ZIPLOCK
BAG CONTAINING SUSPECTED COCAINE FT+BROWN
ITEM E: AUDIO TAPED INTERVIEW WITH CI # 04-37.
ITEM F: 2 VIDEO TAPES SURVEILLANCE. KREITZ.UNGARD

---

**ATTACHMENTS:**
LAB REQUEST , PHOTOS

LYCOMING COUNTY DRUG TASK FORCE
NARCOTICS INVESTIGATION – COVER SHEET – PAGE #2

**SYNOPSIS:**

ON 07/07/04 CI # 04-37 PURCHASED ONE CLEAR PLASTIC BAG CONTAINING SUS. COCAINE FROM HAKIM HANDY, AKA ANIMAL, IN THE AREA OF THE 500 BLK OF LOUISA ST. FOR $150.00.

F.T.(+)BROWN

**CHRONOLOGICAL ORDER OF EVENTS:**

04/20/04- C/B
07/07/04- C/B, CI #04-37 purchased $50.00 of suspected cocaine from HANDY in the 500 block of Louisa st, FT+BROWN

| | |
|---|---|
| **SIGNATURE OF SUBMITTING OFFICER** | : MOORE |
| **DATE** | : 07/07/04 |
| **SIGNATURE OF SUPERVISOR** | : |

COPY OF THE REPORT WAS FURNISHED TO THE DA'S OFFICE AND:

| POLICE SUPPLEMENTAL REPORT | | Case # | 04-8597 |
| --- | --- | --- | --- |

On 07/07/04, a controlled buy operation was conducted involving CI#04-37 purchasing $50.00 worth of suspected Cocaine from HAKIM HANDY (aka: ANIMAL) on Louisa St. near Cherry St.   The following is a chronological account of the events during this operation:

1611 hrs - CI searched (no contraband found).
1616 hrs - Provided CI with $50.00 in prerecorded funds.
1616 hrs - CI and I leave the LCDTF office.
1622 hrs - CI makes contact with ANIMAL by calling him from a pay phone.  I observe the CI dial the # - 777-3080. The CI has a conversation with someone and then reports that she spoke with ANIMAL, who advised that he was on his way back from the Mall.  The CI advised that ANIMAL noticed that she wasn't calling from her home phone number and told her that he would call her back at her home phone number in 10-15 minutes.
1629 hrs - CI exits the U/C vehicle in the 600 block of Memorial Ave., near her residence.
1637 hrs - CI returns to U/C vehicle and advised that she spoke with ANIMAL and the meeting with ANIMAL will take place at Cherry St. and Louisa St.  I called PO Kreitz and advised him of this information. The CI exits the U/C vehicle and I observe the CI walk from Memorial Ave. turning northbound on Cherry St. and then all the way up Cherry St. to the area of Louisa St.  I notified PO Kreitz that the CI was near the area and he advised that she was in sight soon after.
1648 hrs - CI reenters U/C vehicle at Cherry St. and High St. and immediately relinquishes possession of one clear plastic bag containing suspected Cocaine.  CI advised that she bought the Cocaine from ANIMAL with the $50.00 and that he was in a white car.  The CI advised that ANIMAL was accompanied by a B/F.
1700 hrs - CI and I return to the area of the Radisson Hotel.
1704 hrs - CI and I return to the LCDTF office.
1707 hrs - CI searched again (no contraband found).

An audio taped interview was then conducted with CI#04-37.  The CI confirmed that she purchased the suspected Cocaine from ANIMAL for $50.00.  (Refer to audio tape for further information).

| Signature of Reporting Officer: | Badge # | Date: | Supervisor: | Date: | Reviewed By: | Date: |
| --- | --- | --- | --- | --- | --- | --- |
| PO D. HAGAN | 38 | 07/08/2004 | | | | |

| Case Status: | | | |
| --- | --- | --- | --- |
| ☐ Complete   ☑ Active   ☐ Arrest Cleared | | | PAGE 1 OF 1 |
| ☐ Unfounded   ☐ Inactive   ☐ Exceptionally Cleared | | | |

| **DTF-2** | **LCDTF Supplemental Report** | **Case # 04-8597** |
|---|---|---|

On 7-7-04, I was providing video surveillance for a controlled buy that was set to occur on Louisa Street at Cherry Street. Following the buy, I followed the car to the Uni-mart on High Street. I was able to stop the car and get film of Hakim Handy by the Toyota Camry. He then goes into the store and the comes back out and walks away West and behind the store. We wait for Handy to return, but he does not. I then see a w/m later identified as Joe Confer use the phone at the store and then walk to fifth and Isabella. He gets something handed to him by Skyler Andrews and we stop Confer. Confer admits that the white Toyota Camry is his and he loaned it to "Animal" for $50. He said he has done this several times.

Nothing further.

| Signature of Reporting Officer: | Badge #<br>CY | Date:<br>7-9-0Y | Supervisor: | Date: | Reviewed By: | Date: |
|---|---|---|---|---|---|---|

Case Status:
☐ Complete  ☒ Active  ☐ Arrest Cleared
☐ Unfounded  ☐ Inactive  ☐ Exceptionally Cleared

PAGE  OF

LCDTF Supplemental

| WBP-2 | WILLIAMSPORT BUREAU OF POLICE | Case # 04-8597 |
|---|---|---|

ON 07/07/04 A CONTROLLED BUY WAS ORGANIZED WITH HAKIM HANDY, AKA ANIMAL, USING CI#04-37.

CI#04-37
CI: HAGAN
VIDEO SURV.: KREITZ
VIDEO SURV.: UNGARD

1630 HRS.    I ARRIVED IN MY SURV. LOCATION.

SEE VIDEO FOR DETAILS.

1650 HRS.    UNGARD AND I DISCOVERED THE CAR USED TO MAKE THE DELIVERY OF COCAINE AT THE UNI-MART LOCATED AT THE INTERSECTION OF HIGH ST. AND 6TH AVE.

PRIOR TO MY ARRIVAL IN THE AREA, UNGARD OBSERVED HANDY EXIT THE VEHICLE, ENTER THE STORE, AND THEN WALK OUT OF THE AREA.

THE REG. ON THEVEHICLE WAS FJH3044.

UNGARD AND I REMAINED IN THE AREA TO WATCH THE VEHICLE.

1730 HRS.    I W/M, LATER IDENTIFIED AS JOE CONFER, ARRIVED AT THE UNI-MART AND USED THE PAY PHONE. CONFER THEN WALKED AWAY FROM THE UNI-MART TRAVELING SOUTH. UNGARD AND I BELIEVED THAT HIS BEHAVIOR WAS SUSPICIOUS SO WE FOLLOWED HIM AS HE WALKED. CONFER WALKED TO THE RESIDENCE LOCATED ON THE SOUTH WEST CORNER OF ISABELLA ST. AND 5TH AVE. WHERE WE BELIEVE THAT HANDY IS RESIDING. CONFER BEGAN TO APPROACH THE RESIDENCE AND THEN WALKED AWAY. CONFER WALKED EAST TO THE INTERSECTION OF ISABELLA ST. AND 6TH AVE. WHERE HE WAS MET BY A YOUNG B/M, IDENITIFIEDAS HANDY'S YOUNGER NEPHEW. THE NEPHEW PASSED AN OBJECT TO CONFER AND THEN THEY DEPARTED IN SEPARATE DIRECTIONS.  UNGARD AND I STOPPED CONFER AS HE TRAVELED BACK TO THE UNI-MART.

CONFER REPORTED THAT THE WHITE TOYOTA CAMRY BEARING PA REG. FJH3044 BELONGED TO HIM. CONFER ADVISED US THAT HE ALLOWED ANIMAL, HANDY, TO BORROW THE CAR FOR $50.00 APPROXIMATELY 3 HRS AGO. CONFER SAID THAT HE WAS DRIVING BY THE UNI-MART WHEN HE OBSERVED HIS CAR PARKED IN THE LOT. CONFER STOPPED AT THE UNI-MART AND CALLED ANIMAL THROUGH CELL PHONE NUMBER, #777-3080. CONFER REPORTED THAT ANIMAL TOLD HIM THAT A SUSPICIOUS CAR WAS WATCHING HIM WHEN HE PARKED AT THE UNI-MART SO HE LEFT THE CAR IN THE LOT. ANIMAL ADVISED CONFER THAT HE WOULD HAVE TO WALK TO HIS HOUSE LOCATED ON THE SOUTH WEST CORNER OF ISABELLA ST. AND 5TH AVE. TO GET THE KEYS. CONFER SAID THAT WHEN HE APROACHED THE HOUSE, ANIMAL YELLED OUT OF A 2ND FL. WINDOW, ADVISING HIM TO WALK DOWN THE STREET WHERE SOMEONE WOULD MEET HIM TO RETURN THE KEYS. CONFER SAID HE WALKED WEST DOWN ISABELLA ST. WHERE HE WAS MET BY A YOUNG B/M WHO GAVE HIM HIS CAR KEYS. NOTHING FURTHER

| Signature of Reporting Officer: | Badge # 21 | Date: 07/08/04 | Supervisor: | Date: | Reviewed By: | Date: |
|---|---|---|---|---|---|---|

| Case Status: ☐ Complete  ☒ Active  ☐ Arrest Cleared ☐ Unfounded  ☐ Inactive  ☐ Exceptionally Cleared | PAGE 1 OF 1 |
|---|---|

04-8597
C/B
07/07/04



JUL-07-04 WED 05:04 PM   LYCOMING 911 CENTER      FAX:5704334220        PAGE 1
                         07/07/04 16:59:19 - 07/07/04 16:59:19 8CRACAW9FKJ7
              RESPONSE FROM PENNSYLVANIA BUREAU OF MOTOR VEHICLES

       OWNER INFORMATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
WRIGHT,DEBORAH A
112 LAFAYETTE ST                          DTF 21
MUNCY          , PA. 17756
COUNTY = LYCOMING

                         VEHICLE INFORMATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
LIC: FJH3044.        EXPIRES: 01-05.
VMA: TOYOTA      . VYR: 1995. VST: SDN  .   VIN: JT2GK12E7S0102981     .
TLN: 51182168.      REG GR WT: 00000. COMB GR WT: 00000.

                         LICENSE STATUS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SUSPENSION/REVOCATION: NO

TYPE CODE: A = RETURN CHECK,           C = CAT FUND STOP
           F = INSURANCE CANCELLATION, I = REVOCATION

# Police Property Record

| | | UCR: 1100 | DATE OF CASE: 07/07/04 | TIME OF CASE: | CASE NO: 04-8597 |

**OBTAINED FROM:** ☐ VICTIM   **ADDRESS:**   **D.O.B.:**   **HOME PHONE NO:**   **BUS. PHONE NO:**

**OWNERS NAME:** ☐ VICTIM   **ADDRESS:**   **D.O.B.:**   **HOME PHONE NO:**   **BUS. PHONE NO:**

**SUSPECTS NAME:** HAKIM HANDY   **ARRESTED** ☐ YES ☐ NO   **ADDRESS:** 413 5TH AVE   WMSPT   PA 17701   **D.O.B.:** 4/29/83   **HOME PHONE NO:**   **BUS. PHONE NO:**

| PREFIX | QUANTITY | ITEM | MAKE | MODEL | COLOR | STYLE | SERIAL NUMBER | STATUS | PROP CLASS | BAR CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| D | 1 | E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE CLEAR SMALL ZIPLOCK BAG CONTAINING SUSP. COCAINE FT+ BROWN | | | | | | H | PE | |
| E | 1 | E.E. CONTAINING ONE AUDIO TAPED INTERVIEW WITH CI # 04-37 | | | | | | H | PE | |
| F | 2 | VIDEO TAPED SURVEILLANCE | | | | | | H | PE | |
| | | | | | | | | | | |
| | | | | | | | | | | |

**STATUS CODES:** H-HOLD   R-RELEASABLE   D-DISPOSE   NA-RELEASED AT STATION

**CLASSIFICATION CODES:** FP-FOUND PROPERTY   RG-RECOVERED GOODS   PP-PERSONAL PROPERTY   SK-SAFE KEEPING   PE-PHYSICAL EVIDENCE

| PREFIX | QUANTITY | SIGNATURE OF RECEIVER | ADDRESS | PHONE NO | RELEASER'S SIGNATURE | DATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

☐ INITIAL REPORT   NARRATIVE: ITEM "D" TO LAB

**DID OFFICER ATTEMPT CONTACT OF OWNER OF ITEM RECOVERED / FOUND?** ☐ YES ☐ NO   **WAS CONTACT MADE?** ☐ YES ☐ NO

| SIGNATURE OF OFFICER: | BADGE # 28 | TEMP BIN# | DATE & TIME | FORWARD TO INVESTIGATING OFFICER | ☐ YES | SUPERVISOR | PAGE 1 OF 1 |

WBP #5 REV JUNE 2003

L.C.D.T.F. – COVER SHEET

## LYCOMING COUNTY DRUG TASK FORCE
## NARCOTICS INVESTIGATION – COVER SHEET – PAGE #1

| | |
|---|---|
| **COMMENCE DATE** | : 04/20/04 |
| **CASE NUMBER** | : 04-8597 |
| **TOTAL RESTITUTION** | : $250.00 |
| **DATE OF INCIDENT** | : 07/08/04 |
| **OFFICER SUBMITTING REPORT** | : MOORE |
| **LAW ENFORCEMENT PERSONNEL INVOLVED** | : UNGARD, KREITZ, HAGAN, MOORE, BROWN |

**CLASSIFICATION OF REPORT:**  _INITIAL   _SUPPRESSION   _SENTENCING
_ SUPPLEMENTAL   _TRIAL   _CLOSED
_ARREST   _FORFEITURE
_PRELIMINARY HEARING   _DESTRUCTION

**SCHOOL ZONE -**   YES   NO
☑   ☐

**PLAYGROUND -**   YES   NO
☐   ☐

### SUSPECT & SUBJECT INFORMATION:

1.   HAKIM HANDY, AKA ANIMAL
B/M, DOB: 04/29/83, OLN: 27674278, SSN: 159644732

2.   JOE CONFER
W/M, DOB: 07/05/61, 112 LAFEYETTE ST.
MUNCY PA PH#546-3999.

3.   WAHID  MORRIS
B/M, DOB:8/5/80, OLN: 25 518 346, SSN: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

### OTN / LTN:

### EVIDENCE:

ITEM A: ONE ORANGE SEMI-TRANSPARENT PLASTIC BAG CONTAINING SUS. COCAINE. F.T.(+)BROWN.
ITEM B: AUDIO TAPED INTERVIEW WITH CI#04-24.
ITEM C: VIDEO TAPED SURVEILLANCE. KREITZ (04/20/04)
ITEM D: ONE E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE CLEAR SMALL ZIPLOCK
BAG CONTAINING SUSPECTED COCAINE FT+BROWN
ITEM E: AUDIO TAPED INTERVIEW WITH CI #04-37.
ITEM F: 2 VIDEO TAPES SURVEILLANCE. KREITZ.UNGARD (07/07/04 & 07/08/04)
ITEM G: E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE SMALL CLEAR ZIPLOCK BAG
CONTAINING SUSPECTED COCAINE. FT+ BROWN
ITEM H: E.E. CONTAINING ONE AUDIO-TAPED DEBRIEF OF CI#04-24

### ATTACHMENTS:
LAB REQUEST , PHOTOS

**LYCOMING COUNTY DRUG TASK FORCE**
**NARCOTICS INVESTIGATION – COVER SHEET – PAGE #2**

**SYNOPSIS:**

ON 07/08/04 CI #04-24 PURCHASED ONE CLEAR PLASTIC BAG CONTAINING SUS. COCAINE FROM WAHID MORRIS INSIDE OF 413 5TH AVE. FOR $100.00.

F.T.(+)BROWN

**CHRONOLOGICAL ORDER OF EVENTS:**

04/20/04- C/B
07/07/04- C/B, CI #04-37, $50.00 of suspected cocaine from HANDY in the 500 block of Louisa St, FT+BROWN
07/08/04- C/B, CI #04-24, $100.00 of suspected cocaine from MORRIS, inside of 413 5th Ave, FT+ BROWN

| | |
|---|---|
| **SIGNATURE OF SUBMITTING OFFICER** | : MOORE |
| **DATE** | : 07/08/04 |
| **SIGNATURE OF SUPERVISOR** | : |

COPY OF THE REPORT WAS FURNISHED TO THE DA'S OFFICE AND:

| POLICE SUPPLEMENTAL REPORT | | Case # | 04-~~0733~~ |
| --- | --- | --- | --- |

**8597**

On 07/08/04, a controlled buy operation was conducted utilizing CI#04-24 to purchase $100.00 worth of suspected Cocaine from a B/M person, later identified as WAHEED MORRIS. This buy took place after the CI contacted HAKIM HANDY, aka: ANIMAL, who told her to call him back. The following is a chronological account of the events during this buy operation:

1640 hrs - CI calls ANIMAL at 777-3080. CI reports that ANIMAL told her to call him back from her house in about 30 minutes and she tells him that she is at her house.
1646 hrs - CI is provided with $100.00 in prerecorded funds.
1700 hrs - CI and I leave the Radisson lot.
1704 hrs - CI exits the U/C vehicle in the 300 block of Louisa St. The CI is observed walking toward her residence. PO Kreitz reports that the CI is walking back toward Elmira St.
1711 hrs - I picked up the CI in the 700 block of Elmira St. CI advised that ANIMAL wants her to come to his house on 5th Ave. The CI advised that ANIMAL lives in a house on the west side of the street between the beverage store and W. Fourth St. This information is consistent with officers previously receiving information that ANIMAL (HANDY) lives at 413 5th Ave. Surveillance units set up on this area.
1720 hrs - CI exited U/C vehicle at Memorial Ave. and 2nd Ave. The CI is observed walking westbound all the way to 5th Ave., where the CI turned southbound.
1723 hrs - CI turned southbound onto 5th Ave.
1728 hrs - CI turned from 5th Ave. onto Memorial Ave. walking eastbound. PO Kreitz advised that the CI was on her way back to me.
1730 hrs - CI reenters U/C vehicle and immediately relinquished possession of one clear plastic bag containing suspected Cocaine. The CI advised that she purchased the Cocaine from a B/M at 413 5th Ave. The CI didn't know this individuals name.
1740 hrs - CI and I arrive back at the Radisson parking lot.
1743 hrs - CI and I arrive back at the LCDTF office.
1744 hrs - CI is searched again (no contraband found).

An audio taped interview was then conducted with CI#04-24. During this interview, the CI advised that she spoke with ANIMAL during the first call to the above number, and he told her to call back. The CI advised that the second call she made to that number was answered by another person, and that she bought the bag of Cocaine from a B/M person, other than ANIMAL, at 413 5th Ave. (Refer to audio tape for further information).

| Signature of Reporting Officer: | Badge # | Date: | Supervisor: | Date: | Reviewed By: | Date: |
| --- | --- | --- | --- | --- | --- | --- |
| PO D. Xiagn | 38 | 07/09/2004 | | | | |

| Case Status: | | | |
| --- | --- | --- | --- |
| ☐ Complete ☒ Active ☐ Arrest Cleared | | | PAGE 1 OF 1 |
| ☐ Unfounded ☐ Inactive ☐ Exceptionally Cleared | | | |

| WBP#2 | WILLIAMSPORT BUREAU OF POLICE | Case # | 04-8597 |
|---|---|---|---|

On 07/08/04 I assisted in a controlled buy operation. During this time I proceeded to the area of the 400 block of 5th ave. Upon arrival to the area I observed a black in color pontiac bonneville (FLW 1764) parked on the east side of the street in front of 413 5th ave. I know this car to be driven by Hakim Handy in the past when myself and officer Brown arrested Handy for poss. of c.s.

While conducting surveillance I was advised that the buy had taken place, the CI was walking north on 5th ave, and that there was a b/m sitting on the front porch of 413, and that I was to attempt to identify the b/m.

Upon circling into the area I observed no b/m on the porch, however I did observe the bonneville I saw when first arrived to the area. At this time I noted the driver to be that of  Wahid Morris, a b/m whom I had contact with one time on a traffic stop conducted by P.O. Houseknecht. At the time of the vehicle stop Wahid was driving and Hakim Handy was the passenger.

Today I observed Morris driving the same black bonneville north through the 5th ave car wash, he was wearing a white t-shirt and I observed no other persons in the vehicle.

Once back at the drug task force office I observed the surveillance video tape and note the b/m on the front porch of 413 to be the same person I saw driving the car through the car wash stalls. That person is Wahid Morris.

| Signature of Reporting Officer: | Badge # | Date: | Supervisor: | Date: | Reviewed By: | Date: |
|---|---|---|---|---|---|---|
| | 28 | 07/08/2004 | | | | |

| Case Status: | | | PAGE 1 OF 1 |
|---|---|---|---|
| Complete | | | |

## SURVEILLANCE REPORT
### LYCOMING COUNTY DRUG TASK FORCE

**INCIDENT NUMBER** : 04-8597
**DATE** : 7/8/04
**DAY OF WEEK** : Thursday
**OFFICERS PRESENT** : Ungard

| TIME | ACTIVITY OBSERVED |
|------|-------------------|
| 1718 | In position to view 413 Fifth Avenue |
| 1724 | See the CI approach the residence and make contact with a b/m on porch.  The b/m and the CI enter the residence. |
| 1725 | CI is out and walking north on Fifth Avenue |
| 1727 | B/m walks off of porch |

**REPORTING OFFICER(S):**

PAGE 1 OF 1

04-8597

BUY MONEY

07/08/04











# PART I        SUBMITTED TO

SP 4-212 (8-2002)

PENNSYLVANIA STATE POLICE

## REQUEST FOR FORENSIC ANALYSIS

| NAME OF LAB./TROOP | TYPE OF ANALYSIS |
|---|---|
| ☐ BETHLEHEM | ☐ AFIS |
| ☐ ERIE | ☐ BALLISTICS |
| ☐ GREENSBURG | ☒ CHEMISTRY |
| ☐ HARRISBURG | ☐ DOCUMENTS |
| ☐ LIMA | ☐ LATENT PRINTS |
| ☒ WYOMING | |
| ☐ TROOP_____ I.D. UNIT | |

| FOR TROOP USE | | FOR LAB. USE | |
|---|---|---|---|
| DATE/TIME RECEIVED        TROOP NO. / | | DATE/TIME RECEIVED        LAB. NO. / | |
| RECEIVED FROM | | RECEIVED FROM | |
| RECEIVED BY        EVIDENCE STORAGE | | RECEIVED BY        EVIDENCE STORAGE | |

| 1. SUBMIT REPORT TO (INVESTIGATING AGENCY'S NAME AND ADDRESS) | 2. INVESTIGATOR'S NAME (TYPE/PRINT) | TELEPHONE NO. | 3. INCIDENT NO. |
|---|---|---|---|
| Lycoming County Drug Task Force<br>200 Pine St. Ste 800 Williamsport PA 17701 | Brown | 570-329-2756 | 04-8597 |
| | 4. ☐ SUBMISSION<br>PREVIOUS LAB. NO._____ | 5. PROP. INV. NO. | 6. DATE OCCURRED<br>7-8-04 |

| 7. OFFENSE | 8. DRUG REL. | 9. LOCATION (CITY-BOROUGH-TOWNSHIP) | 10. COUNTY |
|---|---|---|---|
| 780-113 a30 | ☒Y ☐N | Williamsport | Lycoming |

| 11. VICTIM | 12. ACCUSED ☐ | | DOB | SID |
|---|---|---|---|---|
| Comm of Penn | SUSPECT ☒  Hakim Handy  etal | | 4-29-83 | |

| PROP. INV.<br>ITEM NO. | PART II | EVIDENCE INFORMATION |
|---|---|---|
| | 13. | DESCRIPTION |
| G | EE: ONE SMALL BROWN ENVELOPE CONTAINING ONE SMAL CLEAR PLASTIC ZIPLOCK BAG CONTAINING | |
| | SUS. COCAINE     FT+ Brown | |

14. REMARKS/ADDITIONAL INFORMATION

ITEM: G - REQUEST QUALITATIVE AND QUANTITATIVE ANALYSIS TO DETERMINE SUBSTANCE.

## PART III                    CHAIN OF CUSTODY

| 15. ITEM(S) TRANSFERRED | 16. DATE | 18. RELINQUISHED BY | 20. EVIDENCE RETAINED AT LAB. |
|---|---|---|---|
| | 17. TIME | 19. RECEIVED BY | |
| ITEM(S) TRANSFERRED | DATE | RELINQUISHED BY | EVIDENCE RETAINED AT LAB. |
| | TIME | RECEIVED BY | |
| ITEM(S) TRANSFERRED | DATE | RELINQUISHED BY | EVIDENCE RETAINED AT LAB. |
| | TIME | RECEIVED BY | |
| ITEM(S) TRANSFERRED | DATE | RELINQUISHED BY | EVIDENCE RETAINED AT LAB. |
| | TIME | RECEIVED BY | |
| ITEM(S) TRANSFERRED | DATE | RELINQUISHED BY | EVIDENCE RETAINED AT LAB. |
| | TIME | RECEIVED BY | |

NOTE:    All evidence is available for pickup upon receipt of the Report of Laboratory Analysis by the investigator and shall be retrieved within 30 days.

L.C.D.T.F. – COVER SHEET

## LYCOMING COUNTY DRUG TASK FORCE
### NARCOTICS INVESTIGATION – COVER SHEET – PAGE #1

| | |
|---|---|
| **COMMENCE DATE** | : 04/20/04 |
| **CASE NUMBER** | : 04-8597 |
| **TOTAL RESTITUTION** | : $250.00 |
| **DATE OF INCIDENT** | : 08/31/04 |
| **OFFICER SUBMITTING REPORT** | : Ungard |
| **LAW ENFORCEMENT PERSONNEL INVOLVED** | : Ungard |

**CLASSIFICATION OF REPORT:**
_INITIAL          _SUPPRESSION          _SENTENCING
_ SUPPLEMENTAL     _TRIAL                _CLOSED
_ARREST           _FORFEITURE
**X** _PRELIMINARY HEARING   _DESTRUCTION

**SCHOOL ZONE -**     YES     NO
                       ☐       ☐

**PLAYGROUND -**     YES    _NO
                      ☐      ☐

---

### SUSPECT & SUBJECT INFORMATION:

1.  HAKIM HANDY, AKA ANIMAL
    B/M, DOB: 04/29/83, OLN: 27674278, SSN: 159644732

2.  JOE CONFER
    W/M, DOB: 07/05/61, 112 LAFEYETTE ST.
    MUNCY PA PH#546-3999.

3.  WAHID  MORRIS
    B/M, DOB:8/5/80, OLN: 25 518 346, SSN: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

---

### OTN / LTN:
K011862-4

---

### EVIDENCE:

ITEM A: ONE ORANGE SEMI-TRANSPARENT PLASTIC BAG CONTAINING SUS. COCAINE. F.T.(+)BROWN.
ITEM B: AUDIO TAPED INTERVIEW WITH CI#04-24.
ITEM C: VIDEO TAPED SURVEILLANCE. KREITZ (04/20/04)
ITEM D: ONE E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE CLEAR SMALL ZIPLOCK
BAG CONTAINING SUSPECTED COCAINE FT+BROWN
ITEM E: AUDIO TAPED INTERVIEW WITH CI #04-37.
ITEM F: 2 VIDEO TAPES SURVEILLANCE. KREITZ.UNGARD (07/07/04 & 07/08/04)
ITEM G: E.E. CONTAINING ONE SMALL BROWN ENVELOPE CONTAINING ONE SMALL CLEAR ZIPLOCK BAG
CONTAINING SUSPECTED COCAINE. FT+ BROWN
ITEM H: E.E. CONTAINING ONE AUDIO-TAPED DEBRIEF OF CI#04-24
ITEM I:  E.E. CONTAINING $143.00 IN US CURRENCY

---

### ATTACHMENTS:
BOOKING AND EVIDENCE PAPERWORK

L.C.D.T.F. – COVER SHEET

## LYCOMING COUNTY DRUG TASK FORCE
## NARCOTICS INVESTIGATION – COVER SHEET – PAGE #1

| | |
|---|---|
| **COMMENCE DATE** | :09/21/04 |
| **CASE NUMBER** | :04-22965 |
| **TOTAL RESTITUTION** | :$200.00 |
| **DATE OF INCIDENT** | :09/21/04 |
| **OFFICER SUBMITTING REPORT** | :BROWN |
| **LAW ENFORCEMENT PERSONNEL INVOLVED** | :UNGARD, MOORE, KREITZ, HAGAN |

**CLASSIFICATION OF REPORT:**   X INITIAL          _SUPPRESSION       _SENTENCING
                            _SUPPLEMENTAL      _TRIAL             _CLOSED
                            X ARREST           _FORFEITURE
                            _PRELIMINARY HEARING  _DESTRUCTION

**SCHOOL ZONE -**   ☐YES ☐NO

**PLAYGROUND -**   ☐YES ☐NO

---

**SUSPECT & SUBJECT INFORMATION:**

TROY McMANUS
B/M, DOB: 3/11/81, SSN: 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
629 5TH AVE, WILLIAMSPORT, PA 17701

ANTHONY ROYAL
B/M, DOB; 02/23/63, SSN: 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
506 THOMAS AVE. WILLIAMSPORT, PA 17701

HAKIM HANDY
B/M, DOB: 4/29/83
413 5TH AVE 2ND FLOOR, WILLIAMPSORT, PA 17701

---

**OTN / LTN:**
McMANUS: L-208570-5,  ROYAL: L-208577-5,  HANDY: L-208578-6

---

**EVIDENCE:**
ITEM CB1: EE: ONE CLEAR BAG CONTAINING SUS COCAINE. FT+ BROWN
ITEM CB2: VIDEO SURVEILLANCE TAPE.
ITEM CB3: EE: AUDIO TAPED INTERVIEW WITH CI#04-32
ITEM HH1: EE: $450.00 US CURRENCY
ITEM TM1: "PHILLIES" KEY AND KEY CHAIN
ITEM TM2: EE: "NOKIA" CELL PHONE
ITEM SW1: EE: WHITE TOILET PAPER
ITEM SW1A: EE: TWO PLASTIC SANDWICH BAGS
ITEM SW1B: EE: TWO BROWN ENVELOPES CONTAINING SUS COCAINE. FT+ BROWN
ITEM SW2: EE: PACKAGING MATERIAL
ITEM SW3: EE: BLACK BAG CONTAINING PACKAGING MATERIAL
ITEM SW4: BROWN BAG: "GLAD" BOX AND WEIGHT SCALE
ITEM SW5: EE: RENT RECEIPT
ITEM SW6: EE: LETTERS
ITEM SW7: EE: RENT RECEIPT, SSN CARD, SUSCOM BILL
ITEM SW8: EE: INDICIA OF OCCUPANCY
ITEM SW9: EE: "JVC" CAMCORDER
ITEM SW9A: EE: VHSC TAPE
ITEM SW10: EE: PACKAGING MATERIAL, ID CARD

---

**ATTACHMENTS:**

PHOTOS

GOVERNMENT EXHIBIT
4
CARDELLS 800-783-0399

**LYCOMING COUNTY DRUG TASK FORCE**
**NARCOTICS INVESTIGATION – COVER SHEET – PAGE #2**

**SYNOPSIS:**

On 09/21/04 a controlled buy/ bust operation was organized utilizing CI#04-32 to purchase $200.00 worth of cocaine from Anthony Royal, aka: TONY, in the 400 block of 5th Ave.  The operation was successful and led to the arrest of Anthony Royal, Hakim Handy and Troy McManus.  Upon entering 413 5th Ave to arrest McManus, officers observed sus. cocaine in plain view. The plain view cocaine resulted in a warrant being executed at 413 5th Ave.

Approx. 8-9 grams of sus. cocaine was seized as well as packaging material and misc. items. (see property sheet for details)

**CHRONOLOGICAL ORDER OF EVENTS:**
09/21/04 – Buy bust with CI#04-32.
09/21/04 – Arrest and arraign **Handy**, **Royal**, and **McManus**.

| | |
|---|---|
| **SIGNATURE OF SUBMITTING OFFICER** | : **Brown** |
| **DATE** | : 09/22/04 |
| **SIGNATURE OF SUPERVISOR** | : |

COPY OF THE REPORT WAS FURNISHED TO THE DA'S OFFICE AND:

| WBP-2 | WILLIAMSPORT BUREAU OF POLICE | Case # 04-22965 |
|---|---|---|

ON 09/21/04 A CONTROLLED BUY WAS ORGANIZED TO TAKE PLCE WITH HAKIM HANDY, AKA ANIMAL, AND AN INDIVIDUAL IDENTIFIED AS TONY USING CI#04-32.

VIDEO SURV.: KREITZ
ARREST TM: MOORE / BROWN
CI: HAGAN
CI: 04-32

1420 HRS.    I ARRIVED IN MY SURVEILLANCE LOCATION NEAR THE BEER DISTRIBUTOR LOCATED IN THE 500 BLOCK OF 5TH AVE.

I OBSERVED ROYAL MEET WITH THE CI IN THE PARKING LOT OF THE BEER DISTRIBUTOR.

ROYAL USED THE CI'S PHONE AND MADE A PHONE CALL.

A SHORT TIME LATER I OBSERVED A B/M, LATER IDENTIFIED AS TONY MCMANUS, IN A WHITE T-SHIRT MEET WITH ROYAL.

THEY TRAVELED NORTHWEST OUT OF MY SIGHT.

UNGARD REPORTED THAT HE OBSERVED A B/M, LATER IDENTIFIED AS TONY MCMANUS, IN A WHITE T-SHIRT EXIT 413 5TH AVE., SOUTH DOOR, WHERE HE RENDEZVOUSED WITH ROYAL JUST PRIOR TO ROYAL MAKING THE DELIVERY OF COCAINE TO THE CI.

A SHORT TIME LATER I OBSERVED ROYAL RETURNING TO THE CI'S VEHICLE WHERE IT STILL REMAINED.

ROYAL PASSED THE CI SOMETHING THROUGH THE DRIVER'S WINDOW AND THEN WALKED OUT OF THE AREA TRAVELING NORTHWEST.

HAGAN RELAYED THAT A PURCHASE OF COCAINE HAD OCCURRED.

UNGARD REPORTED THAT HE OBSERVED MCMANUS RETURN TO 413 5TH AVE., SOUTH DOOR. AT THE SAME TIME MCMANUS RETURNED TO THE RESIDENCE HAKIM HANDY EXITED THE RESIDENCE. UNGARD AND MYSELF STOPPED HANDY AND DETAINED HIM. HAGAN THEN ARRIVED ON THE SCENE.

AT THAT POINT MOORE AND BROWN ARRIVED ON THE SCENE. WE TRAVELED TO THE BACK PORCH OF 506 THOMAS AVE. AND PLACED ROYAL INTO CUSTODY. HAGAN AND UNGARD REMAINED AT THE 413 RESIDENCE TO ENSURE THAT MCMANUS DID NOT LEAVE.

AFTER ROYAL WAS IN CUSTODY WE RETURNED TO THE FRONT OF 413 5TH AVE. I SPOKE TO THE NEIGHBOR SITTING ON THE PORCH DIRECTLY NEXT TO THE SOUTH DOOR, MARGRET CONFER. CONFER ADVISED ME THAT HANDY AND MCMANUS RESIDED AT THE HOUSE.

UNGARD KNOCKED ON THE DOOR BUT MCMANUS REFUSED TO ANSWER. WE FORCED THE DOOR OPEN IN ORDER TO GAIN ACCESS TO THE RESIDENCE. AS I ASCENDED THE STAIRS, I OBSERVED MCMANUS ATTEMPTING TO ESCAPE OUT A WINDOW ALTHOUGH HAGAN WAS AT THE REAR OF THE RESIDENCE. MCMANUS WAS PLACED INTO CUSTODY.

AS WE TRAVELED THROUGH THE RESIDENCE TO PERFORM A PROTECTIVE SWEEP. UNGARD

OBSERVED APPROXIMATELY ¼ OUNCE OF COCAINE LYING ON THE TOP OF THE TOILET.

AT THAT TIME HANDY WAS ARRESTED AS WELL.

I OBTAINED A S/W FOR THE RESIDENCE.

SEE RECEIPT INVENTORY FOR DETAILS.

| Signature of Reporting Officer: | Badge # | Date: | Supervisor: | Date: | Reviewed By: | Date: |
|---|---|---|---|---|---|---|
| KS / KRITZ | 21 | 09/23/04 | | | | |

| Case Status: | | | |
|---|---|---|---|
| ☐ Complete ☐ Active ☒ Arrest Cleared | | | PAGE 1 OF 2 |
| ☐ Unfounded ☐ Inactive ☐ Exceptionally Cleared | | | |

WBP #2 REV MAY 2002

| WBP#2 | WILLIAMSPORT BUREAU of POLICE | CASE # 04-22965 |

On 09/21/04, a controlled buy/bust operation was organized utilizing CI#04-32 to purchase $200.00 worth of suspected Cocaine from ANTHONY ROYAL aka: TONY on 5th Ave. near Nichols Pl. The operation was successful and led to the arrests of ROYAL, TROY MCMANUS (aka: EUGENE MCMANUS, aka: MIKE) and HAKIM HANDY (aka: ANIMAL). The following is a chronological account of the events during this operation:

1411 hrs – CI was searched (no contraband found).

1411 hrs – CI was provided with $200.00 in prerecorded funds.

1416 hrs – CI and I leave the LCDTF office.

1422 hrs – CI's vehicle was searched (no contraband found).

1426 hrs – I follow the CI out of the Radisson lot.

1426-1431 – I follow the CI to W. Fourth St. and 5th Ave. The CI turned north onto 5th Ave. and I advised other officers of this. I continued just west of 5th Ave. and parked on W. Fourth St., waiting for the CI to arrive at my location with evidence.

1431 hrs – CPL Ungard advised that they could see the CI.

1431-1451 – Radio and telephone transmissions account for a B/M in a red and blue shirt meeting with the CI, making a phone call, walking into the 5th Ave. tavern, walking out of the tavern and waiting out front, making contact with the CI again, making another phone call and then making contact with a B/M wearing a white T-shirt. Officers also advised that the B/M in the red and blue shirt (ROYAL) walked westbound with the B/M in the white T-shirt (MCMANUS).

1451 hrs – PO Kreitz advised that the B/M in the red and blue shirt appeared to have done the delivery to the CI.

1453-1454 hrs – I observed the CI waiting to turn and turning off of 5th Ave. onto W. Fourth St. The CI then parked behind, and then moved in front of me.

1455 hrs - The CI got into my vehicle and immediately relinquished possession of one eight ball of suspected Cocaine. The CI confirmed that ROYAL delivered the suspected Cocaine to the CI. The CI confirmed that the CI provided ROYAL with the money, allowed him to call the suspect (ANIMAL) twice, that ROYAL waited outside the bar after the first call, and that ROYAL then met with the suspect outside and walked by the CI's vehicle – they were enroute to the area near where the CI lived. The CI advised that she believed ROYAL was walking with ANIMAL. I advised the CI that the CI would need to come to the LCDTF office and provide an audio taped statement later, and the CI agreed to do this.

I then responded to the area of the beer distributor at 5th Ave. and Nichols Pl. where officers had HAKIM HANDY in custody. CPL Ungard was talking to the W/F resident sitting on the porch of 415 5th Ave., later identified as Peggy Confer. CPL Ungard believed that Confer was somehow signaling to HANDY, who was detained inside of a police cruiser and in view of Confer. It was already known that one of the residences that HANDY spends time at was 413 5th Ave. and officers at the scene advised that HANDY was seen leaving this residence during this operation. Peggy Confer advised that there are two individuals that are regularly in and out of the apartment next door to her (413 5th Ave.), one of them being the man that we had in custody and the other one being a person her as "MIKE". Confer advised that MIKE was inside the residence at 413 5th Ave. at that time. I walked out behind the residence to ascertain avenues of escape and noted that 413 5th Ave. has rooms upstairs and there was a window, open without a screen, upstairs. I walked back out front and made contact with CPL Ungard who arranged for other officers to meet with him in front of the residence. CPL Ungard advised me to go out back and make sure no one exits from the rear of the residence while other officers conducted an entry. I went out back and waited. I heard other officers knocking on the door and then observed a B/M peek his head out the back window as if to observe the area and look who was out back. This individual

| Signature of Reporting Officer D. HAGAN | Badge # #38 | Date 09/22/04 | Supervisor | Date | Reviewed By | Date |
| Case Status ☐ Complete  ☐ Active  ☒ Arrest Cleared  ☐ Unfounded  ☐ Inactive  ☐ Exceptionally Cleared | | | | | Page /of 2 | |

| WBP#2 | WILLIAMSPORT BUREAU of POLICE | CASE # 04-22965 |
|-------|-------------------------------|-----------------|

looked directly at me and I drew my service pistol and ordered him to show me his hands. This individual showed me his hands, and seconds later officers entered the room he was in and took him into custody. This individual identified himself as EUGENE MCMANUS. This identity was later revealed to be false when MCMANUS was processed and discovered to be TROY MCMANUS. Officers clearing the residence reported that suspected Cocaine was found to be in plain view somewhere in the residence and that a search warrant was being applied for. I responded to City Hall and assisted PO Moore with processing ROYAL, HANDY and MCMANUS. All three individuals were asked if they would be willing to speak to police without an attorney present and all declined.

I was advised that approximately ¼ ounce of suspected Cocaine was seized from the residence and that HANDY and MCMANUS would be charged in reference to that Cocaine as well. All three where then transported to the office of D.J. Lepley for arraignment. D.J. Lepley set bail in the amount of $25,000.00 in reference to all three individuals, who were all subsequently committed to the LCP.

| Signature of Reporting Officer | Badge # | Date | Supervisor | Date | Reviewed By | Date |
|---|---|---|---|---|---|---|
| D. HAGAN | #38 | 09/22/04 | | | | |
| Case Status | | | | | | |
| ☐ Complete  ☐ Active  ☑ Arrest Cleared  ☐ Unfounded  ☐ Inactive  ☐ Exceptionally Cleared | | | | Page 2 of 2 | | |

| WBP#2 | WILLIAMSPORT BUREAU of POLICE | CASE # 04-22965 |

On 09/22/04, CI#04-32 responded to the LCDTF office and was interviewed on audio tape in reference to this investigation. The CI confirmed her statement from the day before. She confirmed that she arranged the deal with TONY prior to coming to the LCDTF office, one eight ball for $200.00 and that he (TONY) was going to get it from ANIMAL. I also clarified that the CI believed that ROYAL met with ANIMAL because that was who ROYAL ("TONY") called, and that a B/M, who the CI believed to be ANIMAL before, showed up. The CI confirmed that she was not certain who ANIMAL was, only that a B/M wearing a white T-shirt approximately 6'02" showed up after TONY's second call, and that he and TONY walked toward Thomas Ave. Video taped surveillance of this incident shows MCMANUS to be the person that walked away with ROYAL. The LCDTF is already aware that HANDY's nickname is "ANIMAL". The CI was shown photos of HANDY and MCMANUS and she identified MCMANUS' photo as looking like the person who walked by her vehicle and walked away with TONY.

Also, not mentioned in my previous report is the following: Subsequent to the arrest of MCMANUS at 413 5th Ave., I was present when officers searched his person and found a cell phone and other items. CI#04-32 used a LCDTF cell phone during this operation, and this is the phone that the CI allowed ROYAL to use when he called "ANIMAL" to set up the buy. I looked on this phone and it revealed the last phone number dialed out on the phone as "777-3080", the known phone number of HAKIM HANDY (aka: ANIMAL). I dialed this number and the phone seized from the person of MCMANUS rang.

| Signature of Reporting Officer | Badge # | Date | Supervisor | Date | Reviewed By | Date |
|---|---|---|---|---|---|---|
| D. HAGAN | #38 | 09/22/04 | | | | |
| Case Status | | | | | | |
| ☐ Complete  ☐ Active  ☒ Arrest Cleared  ☐ Unfounded  ☐ Inactive  ☐ Exceptionally Cleared | | | | Page 1 of 1 | | |

| WBP-2 | WILLIAMSPORT BUREAU OF POLICE | Case # 04-22965 |
|---|---|---|

On 09/21/04  I assisted in controlled buy operation to occurr in the area of Fifth Ave and Memorial Ave. Myself and officer Brown were instructed to await instructions outside the area, as we were in a marked police unit. At the order of officer Kreitz, we responded to the location of 413 Fifth Ave where Cpl Ungard had one suspect in custody, I immediately rcognized him to be Hakim Handy. At this point I was directed to the 500 block of Thomas Ave where officer Kreitz advised that the suspect in the red shirt was to be taken into custody. I ordered the person to his feet as he was initially seated, and then he was taken into custody. I then made contact with two more b/m's seated on the porch, thw two were identified as (1) Gregory Thomas, and (2) Raymond Fulton.

There was a blue jean jacket hanging on the railing of the porch.

After this myself and officer Kreitz, Cpl Ungard, and officer Brown made entry into 413 Fifth Ave , taking into custody a b/m standing near a window on the second floor. I looked outside and observed no one running , nor did I see any evidence of where a person may have jumped/landed. A w/f in the back yard next to the house stated that no one had jumped out the window.

As I was standing with the suspect  I searched his person, locating a cell phone in his right front pocket. I turned the cell phone on and then officer Hagan dialed the same cell phone number dialed to organize the sale, causing the cell phone I had just discovered, to ring.

I then assisted in transporting the three persons in custody to city hall, strip searching them, completing booking sheets , and then processing them. During which several statements were made by the persons in our custody, none of which were solicited;
Mcmanus: "the dude you guys are lookin' for went out the window.", "I don't know what that nigger just did".

Then a brief exchange between Handy and Mcmanus;
Handy: "hey, Mike?"
Mcmanus: "That pussy jumped out the window."

| Signature of Reporting Officer: | Badge # | Date: | Supervisor: | Date: | Reviewed By: | Date: |
|---|---|---|---|---|---|---|
| | 28 | 09/21/2004 | | | | |

| Case Status: | | | |
|---|---|---|---|
| ☐ Complete  ☐ Active  ☒ Arrest Cleared | | | PAGE 1 OF 1 |
| ☐ Unfounded  ☐ Inactive  ☐ Exceptionally Cleared | | | |

| DTF-2 | **LCDTF Supplemental Report** | Case # 04-22965 |
|---|---|---|

On 9/21/04, members of the LCDTF were engaged in a narcotics investigation. Officers were to make a call to a cell phone used by "Animal"(Hakim Handy) to deal in the illegal sale of cocaine. A confidential informant was to call Tony Royal who was to contact Animal to get the cocaine.

The Informant was followed to the area of the Fifth Avenue Distributor and the Informant was to meet with Tony. Surveillance officers were in place and watched as the CI came into the area. I saw a b/m wearing a red and blue shirt (later identified as Anthony Royal) make contact with the Informant. Royal then went across the street to the Fifth Avenue Tavern and waited on the sidewalk. He was looking up and down the street and appeared to be waiting for someone. After about 12 to 13 minutes Royal then walked back over to the CI and used the phone again (DTF phone). Shortly after this call, Royal met a b/m in a white t-shirt (later identified as Troy McManus) in front of the Distributor. I saw the b/m exit 413 Fifth Avenue and meet Royal. I also saw a w/f, later identified as Margaret Confer on the porch of 411 Fifth Avenue. Royal and McManus walked out of my view in a Northwest direction. About 5 minutes later, officer Kreitz relayed that Royal had made the delivery to the CI. Shortly after this, I saw a McManus enter 413 Fifth Avenue. As officers tried to locate Royal, I stood by the apartment at Fifth Avenue. Royal was located on Thomas Avenue on a porch with several other persons. I saw Hakim Handy come out of 413 Fifth Avenue and I detained Handy. We had called his phone to set up the buy, and the CI said that Royal got his drugs from Animal, who we know to be Hakim Handy. Handy became upset and immediately gave me consent to search his person for drugs or money before I even asked him. He kept saying he did not have any drug money on his person. I did locate in excess of $400 on his person, but he was right, none of the money was pre-recorded buy money. When Handy came from the house, he was eating a oatmeal cookie and had a fruit punch drink. (I later found a box of the same cookies in the house) I asked Handy who was in his house and he said he did not live at 413 Fifth Avenue. Handy was placed in a patrol car and I went to talk to Margaret "Peg" Confer. She told me that "Mike" was in the house and that Animal just came out. She told me that "Mike" (Mike was later identified as Troy McManus) watched us Arrest Animal. She said that there is only one door out of the apartment and that Mike was still up there. We knocked on the door three times and then made entry into the house. McManus was taken into custody as he attempted to jump from the kitchen window. Margaret Confer identified McManus as the b/m she knew to be "Mike". As I cleared the bathroom, I saw, in plain view, on the toilet tank in the bathroom toilet paper partially wrapped around plastic bags of cocaine. On the living room floor was a box containing the tobacco of a Philly Blunt that had been removed. It is very common for person that smoke marijuana to remove the tobacco from a cigar and replace it with marijuana.

The above information was used by Officer Kreitz to obtain a search warrant for the residence. A search was eventually conducted and various items were located to indicate that drugs were being packaged for resale within the residence. Evidence was also located to show that Hakim lied and that he did indeed live in the residence.

All items located in the house were photographed and entered into evidence.

Nothing further at this time.

| Signature of Reporting Officer: | Badge #<br>C4 | Date:<br>9/24/04 | Supervisor:<br>C4 | Date: | Reviewed By: | Date: |
|---|---|---|---|---|---|---|

| Case Status:<br>☐ Complete  ☐ Active<br>☐ Unfounded  ☐ Inactive | ☑ Arrest Cleared<br>☐ Exceptionally Cleared | | PAGE 1 OF 1 |
|---|---|---|---|

LCDTF Supplemental

A COPY OF THIS FORM, WHEN COMPLETED, IS TO BE ATTACHED TO EACH COPY OF THE SEARCH WARRANTS/AFFIDAVIT

**Commonwealth of Pennsylvania**

**COUNTY OF Lycoming**

**RECEIPT / INVENTORY**
OF SEIZED PROPERTY

| Docket Number (Issuing Authority): | Police Incident Number: 04-22965 | Warrant Control Number: SW10-04 |
|---|---|---|
| Date of Search: 9-21-04 | Time of Search: 1734 | Inventory Page Number: 1of 1 Pages |
| PO Kreitz | WilliamsportBureau of Police | 21 |
| *Affiant* | *Agency or Address if private affiant* | *Badge No.* |

The following property was taken / seized and a copy of this Receipt / Inventory with a copy of the Search Warrant and affidavit(s)  (if not sealed) was

☐ personally served on (name of person) _____

☒ was left at (describe the location) _____ 413 Fifth Ave 2nd FL.

| Item Number | Quantity | Item Description | Make, Model, Serial No., Color, etc. |
|---|---|---|---|
| SW1 | 1 | paper containing sus. cociane | Cpl4 / Bathroom / 1740 hrs. |
| SW2 | 1 | packaging material | Cpl4 / Kitchen / 1743 hrs. |
| SW3 | 1 | bag containing packaging material | Cpl4 / Kitchen / 1746 hrs. |
| SW4 | 1 | "GLAD" box containing weight scale | Cpl4 / Kitchen closet / 1748 hrs. |
| SW5 | 1 | rent receipt | Cpl4 / Kitchen closet / 1751 hrs. |
| SW6 | 1 | letters | Cpl4 / Kitchen drawer / 1753 hrs. |
| SW7 | 1 | rent receipt, SSN card, Suscom bill | Cpl4 / Bedroom / 1801 hrs. |
| SW8 | 1 | indicia of occupancy | Cpl4 / Livingroom couch / 1804 hrs. |
| SW9 | 1 | camcorder | Cpl4 / Livingroom closet / 1806 hrs |
| SW10 | 1 | packaging material, ID card | 39 / Livingroom closet / 1806 hrs. |

JSB
End Search 1810 hrs

I/we do hereby state that this inventory is to the best of my/our knowledge and belief a true and correct listing of all items seized, and that I/we sign this Receipt / Inventory subject to the penalties and provisions of Title 18 Pa.C.S. 4904(b)—Unsworn Falsification to Authorities.

| Signature of person Issuing Receipt / Inventory | Printed Name Jeremy Brown | Affiliation WBP | Badge or Title 39 |
|---|---|---|---|
| Signature of Witness | Printed Name Thomas N. VanGordon | Affiliation Ws. | Badge or Title 64 |
| Signature of person making Search | Printed Name Thomas N. Van Jr | Affiliation WBS | Badge or Title C4 |

# Property Record

| | | | | UCR: 1100 | | DATE OF CASE: 09/21/04 | TIME OF CASE: 1500 | | CASE NO: 04-22965 |
|---|---|---|---|---|---|---|---|---|---|

**OBTAINED FROM:** ☐ VICTIM   **ADDRESS:** | **D.O.B.:** | **HOME PHONE NO:** | **BUS. PHONE NO:**

**OWNERS NAME:** ☐ VICTIM   **ADDRESS:** | **D.O.B.:** | **HOME PHONE NO:** | **BUS. PHONE NO:**

**SUSPECTS NAME:** ARRESTED ☒ YES ☐ NO   TROY McMANUS   ETAL   **ADDRESS:** 529 Fifth Ave | **D.O.B.:** 11-18-81 | **HOME PHONE NO:** | **BUS. PHONE NO:**

| PREFIX | QUANTITY | ITEM | MAKE | MODEL | COLOR | STYLE | SERIAL NUMBER | STATUS | PROP CLASS | BAR CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| CB1 | 1 | EE: ONE CLEAR BAG CONTAINING SUS. COCAINE FT+ | | | | | LAB | H | PE | |
| CB2 | 1 | VIDEO SURVEILLANCE TAPE | | | | | | H | PE | |
| CB3 | 1 | EE: AUDIO TAPED INTERVIEW WITH CI#04-32 | | | | | | H | PE | |
| HH1 | 1 | EE: $450.00 US CURRENCY | | | | | | H | PE | |
| TM1 | 1 | EE: "PHILLIES" KEY AND KEY CHAIN | | | | | | H | PE | |

**STATUS CODES:**   H-HOLD   R-RELEASABLE   D-DISPOSE   NA-RELEASED AT STATION   SK-SAFE KEEPING   PE-PHYSICAL EVIDENCE
**CLASSIFICATION CODES:**   FP-FOUND PROPERTY   RG-RECOVERED GOODS   PP-PERSONAL PROPERTY

| PREFIX | QUANTITY | SIGNATURE OF RECEIVER | ADDRESS | PHONE NO | RELEASER'S SIGNATURE | DATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

☐ **INITIAL REPORT**   **NARRATIVE:** ITEMS: CB1 AND SW1A SENT TO LAB

ITEMS: SW1A AND SW4 PROCESSED FOR LATENTS

DID OFFICER ATTEMPT CONTACT OF OWNER OF ITEM RECOVERED / FOUND? ☐ YES ☐ NO   FORWARD TO INVESTIGATING OFFICER ☐ YES   WAS CONTACT MADE? ☐ YES ☐ NO

| SIGNATURE OF OFFICER: | BADGE # 39 | TEMP BIN# | DATE & TIME | | SUPERVISOR | PAGE 1 OF 2 |
|---|---|---|---|---|---|---|

## Property Record Continuation

Incident No: 04-22965

| PREFIX | QUANTITY | ITEM | MAKE | MODEL | COLOR | STYLE | SERIAL NUMBER | STATUS | PROP CLASS | BAR CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| TM2 | 1 | EE: ONE "NOKIA" CELL PHONE | | | | | | H | PE | |
| SW1 | 1 | EE: WHITE TOILET PAPER | | | | | | H | PE | |
| SW1A | 1 | EE: TWO PLASTIC SANDWICH BAGS | | | | | LATENTS | H | PE | |
| SW1B | 1 | EE: TWO BROWN ENVELOPES CONTAINING SUS COCAINE. (10 SM. ZIPLOCK BAGS CONTAINING COCAINE IN ONE BROWN ENVELOPE) | | | | | LAB | H | PE | |
| SW2 | 1 | EE: PACKAGING MATERIAL | | | | | | H | PE | |
| SW3 | 1 | EE: BLACKBAG CONTAINING PACKAGING MATERIAL | | | | | | H | PE | |
| SW4 | 1 | BROWN BAG: "GLAD" BOX AND WEIGHT SCALE | | | | | LATENTS | H | PE | |
| SW5 | 1 | EE: RENT RECEIPT | | | | | | H | PE | |
| SW6 | 1 | EE: LETTERS | | | | | | H | PE | |
| SW7 | 1 | EE: RENT RECEIPT, SSN CARD, SUSCOM BILL | | | | | | H | PE | |
| SW8 | 1 | EE: INDICIA OF OCCUPANCY | | | | | | H | PE | |
| SW9 | 1 | "JVC" CAMCORDER | | | | | | H | PE | |
| SW9A | 1 | EE: VHSC TAPE | | | | | | H | PE | |

**STATUS CODES:**   H-HOLD   R-RELEASABLE   D-DISPOSE   NA-RELEASED AT STATION

**CLASSIFICATION CODES:**   FP-FOUND PROPERTY   RG-RECOVERED GOODS   PP-PERSONAL PROPERTY   SK-SAFE KEEPING   PE-PHYSICAL EVIDENCE

| DATE | TIME | TEMP BIN# | REPORTING OFFICER | INVESTIGATING OFFICER | SUPERVISOR LOG-IN | PAGE 2 OF 3 |
|---|---|---|---|---|---|---|
| 9/22/04 | --- | | BROWN | CSU | | |

# Property Record Continuation

Incident No: 04-22965

| PREFIX | QUANTITY | ITEM | MAKE | MODEL | COLOR | STYLE | SERIAL NUMBER | STATUS | PROP CLASS | BAR CODE |
|--------|----------|------|------|-------|-------|-------|---------------|--------|------------|----------|
| SW10 | 1 | EE: PACKAGING MATERIAL, ID CARD | | | | | | H | PE | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

STATUS CODES:   H-HOLD   R-RELEASABLE   D-DISPOSE   NA-RELEASED AT STATION

CLASSIFICATION CODES:   FP-FOUND PROPERTY   RG-RECOVERED GOODS   PP-PERSONAL PROPERTY   SK-SAFE KEEPING   PE-PHYSICAL EVIDENCE

| DATE 9/22/04 | TIME --- | TEMP BIN# | REPORTING OFFICER BROWN | INVESTIGATING OFFICER CSU | SUPERVISOR LOG-IN | PAGE 3 OF 3 |